## Ruch *versus* Fricke.

Entries in a pass-book in the possession of a purchaser, are evidence of an agreement to purchase at the prices named.

Statements of accounts made in such a book and acquiesced in, are conclusive, unless fraud or mistake be established.

Promissory notes given by a purchaser to a vendor are evidence of payment but not of set-off, and unless it otherwise appear, should be presumed to have been given for an existing debt, and not for debts contracted afterwards.

Entries for money loaned on other transactions between the parties, may be made in a pass-book and be given in evidence against its holder.

ERROR to the District Court of *Philadelphia*.

This was an action of *assumpsit* by Henry Fricke *et al.*, dealers in coach trimmings, against Joseph Ruch, a coach manufacturer.

At the time Ruch commenced his purchases from Fricke, he was given a pass-book, in which the transactions between the parties were entered; and from time to time, during a number of years, settlements of the accounts were made in it. Whilst these dealings were taking place, Ruch gave to Fricke a check on the Tradesmen's Bank, dated 5th March, 1855, and a large number of his promissory notes to the order of the plaintiffs. There was no evidence to show that the check had been presented for payment, but it appeared that at the time the check was dated, and for twenty-six days afterwards, Ruch had not sufficient funds to meet it. Some of the notes which had passed between the parties were in the possession of Ruch, and were offered on the trial as a set-off against Fricke's claim. His pass-book showed that he had been credited with certain of the notes which he had given to Fricke.

During the trial, and after a partial examination of Fricke's books of original entries, Ruch was called upon to produce his pass-book; he did so; when Fricke relinquished any further examination of his books, and relied upon the pass-book in the possession of Ruch as containing a true statement of their accounts. It was contended on the part of Ruch, and there was some evidence to show, that he had so little knowledge of English as to be unable to read the entries in the pass-book. There was also some evidence, which was disregarded by the jury, that Ruch had been overcharged for articles sold him by Fricke.

[*Ruch v.* Fricke.]

The counsel for Ruch requested the instruction of the court upon the following points :—

1. That if the jury believe that the defendant could not read and understand the entries in the pass-book furnished him by the plaintiffs, he is not precluded from proving the overcharges of goods contained therein, and he is not bound for the prices stated in the pass-book.

2. That the fact that the defendant received a receipt for two notes for $690, when the receipt should have been for three notes, is a strong presumption that the defendant could not read or understand the English language.

3. That in the absence of any proof to the contrary, the jury should find from the evidence that there were no other transactions between plaintiffs and defendant, and if they so find, the defendant is entitled to a credit for all the notes in evidence drawn by defendant to order of plaintiffs, and paid in bank for their account.

4. That the entries in the pass-books of notes and cash are improper entries, and should be discarded by the jury.

5. That if they believe the evidence of the defendant, and find thereby that the plaintiffs' account has been overpaid, the jury should find the amount of overpayment and interest thereon for the defendant.

The court (HARE, J.) charged the jury as follows :—

" The plaintiff in this case relied in the first instance on his own book of original entries, as well as on the defendant's pass-book; but in order to obviate the objections which have been taken to his entries, he now limits himself solely to the defendant's book; you will therefore not rely on the plaintiff's book as proof of the entries which it contains, and will look at it only so far as it corroborates or contradicts the statements made by the defendant's witness with regard to the plaintiffs' charges.  Entries in a pass-book, coming from the possession of a purchaser, are evidence of an express or implied agreement to purchase at the price named in the pass-book.  When the parties agree expressly or by implication on price, they are bound by it, and cannot complain that it is too high, unless on the ground of fraud; and hence, while systematic effort to overcharge, such as one of the witnesses has stated, may amount to fraud if the jury give credit to his testimony : the mere fact of an overcharge, or of a charge above what are said to be current or market rates, is but slight evidence that fraud has been committed; although such as it is I leave it to the jury.

" In opposition to the defendant's evidence on this point, stands the defendant's pass-book, which shows a long course of dealing between him and the plaintiffs, and stated accounts at successive intervals.   The statement of an account need not be by a meeting

[Ruch v. Fricke.]

between the parties for the purpose of settlement, but may equally well grow out of a statement by one party placed in the hands of the other, and acquiesced in and acted upon by him, as in this case such statements are ratified by carrying the balance struck in accounts repeatedly to others during a series of years, in a book which, like a pass-book, comes from and goes back into the hands of the party who seeks to impeach them, they are entitled to great weight, and should be held conclusive unless he can prove fraud or mistake, and not only allege the existence of error, but puts his finger upon it and establishes its existence.    In this instance it is said that the defendant cannot read English; if so, it is a circumstance for the consideration of a jury, but a circumstance which would be entitled to more weight if the dispute arose out of a single transaction, or the execution of a particular instrument,~instead of in the course of a business extending through many years, and affording ample opportunity for inquiry or examination.   It is proved that the defendant could read figures, so that they must have informed him as to price.   He knew what he had bought and used in his business, so that he need not have been in the dark with regard to kind and quality, if the plaintiffs charged more than he had agreed, or was willing to give, a comparison of one of these elements with the other would have enabled him to detect the error.   Besides, if the defendant consented, expressly or impliedly, that the account should be kept in a language with which he was imperfectly acquainted, he ought, in justice to himself and the plaintiff, to have asked some one to interpret what he did not understand.   The evidence of overpayment, and in support of the set-off claimed by the defendant, consists in the notes given before the bulk of the debt which the plaintiff originated.

" Notes proved to have been given by a purchaser to a vendor, are evidence of payment, but are not evidence of a set-off, and although they should be presumed to have been given for an existing debt, unless there is evidence to the contrary, this presumption may be rebutted by showing that they were given for another account, and does not arise with reference to debts contracted after they are delivered.

" I say in answer to the first point, if the defendant could not read English, it is a circumstance for the jury, but that in view of the manner in which the accounts were kept in the defendant's book by the plaintiffs, it was emphatically the defendant's duty to himself and the plaintiffs, to have called in some one to have explained them to him.   I say under the third point, that a note made and delivered by one man to another, and taken up by the maker is evidence of payment by the maker to the payee, but is not evidence of a debt due by the payee to the maker, nor of a set-off against the payee.   I say on the first point, that the

[Ruch v. Fricke.]

law imposes no restrictions on pass-books, and one entry is as proper in such a book as another. An entry in defendant's pass-book is or may be evidence against him, although an entry of money loaned, and not of goods sold."

The verdict of the jury was for the plaintiffs for $5198.20.

The errors assigned were the charge of the court, and the admission in evidence of the check without proof that it had been presented for payment, or the drawer notified of its non-payment.

*Parsons* and *Mundy*, for plaintiff in error.—In general there cannot be a recovery on a check without proof of demand and notice to drawer of non-payment: Levy v. Peters, 9 *S. & R.* 127; Taylor v. Young, 3 *Watts* 343; *Smith's Mercantile Law* 196, 199; Mohawk Bank v. Braddock, 10 *Wend.* 304; Gough v. Staats, 13 *Wend.* 549. A common pass-book ought not to be placed on the same footing as an account stated: Bevan v. Gullen, 7 *Barr* 283; Tennent v. Dewees, 7 *Barr* 305; Phillips v. Tapper, 2 *Barr* 323; Jones v. Dunn, 2 *W. & S.* 111; Killam v. Preston, 4 *W. & S.* 14-16; Spangler v. Springer, 10 *Harris* 460. Rendering an account does not of itself make it an account stated: Thompson v. Fisher, 1 *Harris* 314. Notes given by a purchaser to a vendor may be evidence of set-off: Murray v. Williamson, 3 *Bin.* 135; Marshall v. Sheridan, 10 *S. & R.* 268; Carmalt v. Post, 8 *Watts* 411; Ulich v. Berger, 4 *W. & S.* 19; Elmaker v. Insurance Company, 6 *W. & S.* 444; Thomas v. Shoemaker, 6 *W. & S.* 183; Nicles v. Baldwin, 4 *W. & S.* 290; Phillips v. Laurence, 6 *W. & S.* 152. The court is bound to answer a point distinctly: Smith v. Thompson, 2 *S. & R.* 51; Power v. McFanan, *Id.* 44; Noble v. McClintock, 6 *W. & S.* 58; Shaffer v. Landis, 1 *S. & R.* 449; Vincent v. Huff, 4 *S. & R.* 298.

*Coleman* and *H. M. Phillips*, for defendants in error.—An account current furnished by one party to another, if not objected to within a reasonable time, becomes a settled account: Bevan v. Cullen, 7 *Barr* 281; Porter v. Patterson, 3 *Harris* 236; Thompson v. Fisher, 1 *Harris* 316; Mellon v. Campbell, 1 *Jones* 418; Jones v. Dunn, 3 *W. & S.* 109; Denning v. Lindsay, 2 *Barr* 382.

The opinion of the court was delivered by

LOWRIE, J.—The errors assigned in this case are very numerous, and have been urged upon us with great earnestness, and yet we cannot sustain any of them. Everything claimed by the plaintiffs below was proved by the defendant's own pass-book. This had been frequently balanced and settled by the parties in the course of their dealings, and thus its accuracy was frequently con-

[Ruch *v.* Fricke.]

firmed by the parties, besides the daily admissions of it, implied by each renewed entry. It was said that the defendant could not read English, though he understood the figures, and this was allowed its full weight before the jury. There was some evidence that the defendant had been systematically overcharged in the sale of goods, and the jury were properly told that if this was so they might treat it as a fraud and correct it, but the jury did not believe the evidence.

A pass-book is not, like shop books, limited as evidence to entries of goods sold and work done. It is the book of the buyer or usually debtor party, in which he allows the other party to enter their mutual transactions, and thus these entries become in a great degree the written admissions of both parties. Whatever is entered there by one party is entered with the other's consent, and therefore is presumed to be right, whatever may be the subject-matter of the entries, for the parties may make their pass-books evidence of every sort of transaction.

We cannot undertake to show in detail that the errors alleged do not exist, and must content ourselves with saying that the charge seems to us to be accurate throughout and adequate to the case. The evidence complained of does not seem to us erroneous, and if it was it was cured when the plaintiffs resorted to the defendant's pass-book to prove all their case.

Judgment affirmed.