# William B. Felty, Assignee, *v.* Jacob Deaven, Appellant.

*Evidence—Settlement of mutual accounts—Question for jury.*

In an action to recover a balance alleged to be due under a settlement of mutual accounts between defendant and plaintiff's assignor, defendant denied that such a settlement had been made, and offered evidence tending to show that after the assignment, he had made a settlement of accounts with the assignee, and that a balance was found due to the defendant. *Held*, that the case was for the jury.

*Amendment—Practice, C. P. —Assignment for creditors.*

In an action to recover a balance alleged to be due under a settlement of mutual accounts between plaintiff and defendant, where it appears that after the settlement, but before the suit was brought, plaintiff made an assignment for the benefit of creditors, the record may be amended at any stage of the proceedings so as to add the name of the assignee for creditors, as party plaintiff.

Argued Feb. 21, 1895.  Appeal, No. 231, Jan. T., 1895, by defendant, from judgment of C. P. Lebanon Co., on verdict for plaintiff.  Before GREEN, WILLIAMS, McCOLLUM, DEAN and FELL, JJ.

Assumpsit to recover a balance alleged to be due upon a settlement of mutual accounts.  Before MEILY, P. J.

From the record it appeared that the suit had been originally brought on May 2, 1892, by Peter Bates.  On November 13, 1894, the court permitted the record to be amended so that the title should read "Peter Bates to the use of William B. Felty, Assignee in Trust for the benefit of creditors of Peter Bates." [4, 5]

At the trial plaintiff offered evidence which tended to show that in 1884 Bates and Deaven had a settlement of mutual accounts, and that a balance was struck in Bates's favor of $265, for which this suit was brought.  After the suit was brought Bates made an assignment for the benefit of creditors. Defendant denied that he had made any settlement of mutual accounts in 1884, but averred that he had made a settlement with the assignee by which it appeared that $103 was due to defendant.

The court charged in part as follows:

" The defendant denies that there was a settlement or balance struck at this time and states that after the assignment was made he met the plaintiff's assignee; that they went over their book accounts and that they were then settled for and balance of $103 and some cents remained due the defendant. Now, if that is true, if there was a settlement made, if these accounts were not settled at the time alleged by the plaintiff, but subsequently by the defendant and the assignee, why that would probably be an end to this case, if that amount had been adjusted between them. The defendant says there is nothing due from him whatsoever; that the accounts prior to the assignment were adjusted with the assignee and nothing found due the plaintiff, but a balance of $103 was due him; that all the dealings that they had subsequent to the assignment were adjusted by settlements made between them and credits given upon the judgments and mortgages, I believe. If that is true there is an end to this case and the plaintiff cannot recover. If the book accounts existing at the time of the assignment were fully settled up by plaintiff's assignee he was entitled to no other credits or accounts that the plaintiff may have had against the defendant or any other person. If the assignee fully settled up those accounts then there would be an end to this case, if you believe the defendant, and the plaintiff could also not recover."

Verdict for plaintiff $417.37, which was $58.14 more than what the plaintiff claimed in his statement, and this amount was remitted and the judgment was entered for the balance. Defendant appealed.

*Errors assigned* were (3) above instruction, quoting it; (4, 5) order, permitting amendment.

*J. G. Adams* for appellant, cited on the effect of the assignment, Seal v. Duffy, 4 Pa. 278; Dowdel v. Hamm, 2 Watts, 61.

On the question of amendment, Act of May 4, 1852, P. L. 574; Huckenstein v. Love, 98 Pa. 518; Locke v. Daugherty, 43 Pa. 88; Ward v. Stevenson, 15 Pa. 21.

*Thomas H. Capp* and *George B. Schock*, for appellee, were not

642 FELTY, Assignee, *v.* DEAVEN, Appellant.

heard, but cited in their printed brief on the question of amendment, Act of May 4,1852,§ 2, P. L. 574; Patton v. Ry. Co., 96 Pa. 169; Clement v. Com., 95 Pa. 107; Crawford Co. v. Bank, 164 Pa. 109; Shaffer v. Eichert, 132 Pa. 285; Weaver v. Iselin, 161 Pa. 386; Spring Garden Ins. Co. v. Scott, 1 Walker, 181.

PER CURIAM, March 11, 1895:

The questions of fact at issue in this case were fairly and correctly submitted to the jury, and quite as favorably to the defendant as the testimony would warrant. The jury has found for the plaintiff as they well might do under the evidence, and of course we cannot disturb it. The only other question was as to the amendment. That this was properly allowed is too plain for argument. It consisted of nothing but adding the name of the plaintiff's assignee for the benefit of creditors. As the title was really in the assignee the amendment was entirely proper and could be made at any stage of the proceedings. This is the very object of the amendment law.

Judgment affirmed.