## Peters's Estate.

*Account stated—Admission—Statute of limitations—Decedent's estates.*

The settlement of an account and striking of a balance is a clear admission of a precise indebtedness, and the balance so ascertained becomes a new principal. It cannot be re-examined to ascertain the items, or their character, except upon proof of fraud or mistake. An account stated is an answer to the plea of the statute of limitations as to the items of which the account is composed.

When parties have had mutual dealings an admission by the defendant of a definite balance due against him is prima facie evidence of plaintiff's demand.

Where a decedent in his lifetime writes to a person with whom he had had a long course of dealing, "I will pay you the balance, $553.07," and there is no evidence that the decedent had paid this balance, the balance stated will be allowed to the creditor, and the representative of the decedent cannot claim that as the original claim was barred by the statute of limitations, the promise contained in the letter did not clearly and unequivocally identify the debt to which the promise referred.

Argued Dec. 14, 1901. Appeal, No. 267, Oct., 1901, by Elizabeth H. Peters, from decree of O. C. Phila. Co., April T., 1901, No. 423, dismissing exceptions in the estate of Edwin Peters, deceased. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Exceptions to adjudication.

From the record it appeared that the auditing judge, PEN-

ROSE, J., awarded the sum of $664.92 to Lewis F. Henig, saying :

The amount awarded to Louis F. Henig as above is in settlement of a balance due as shown by a letter of the decedent to him, of which the following is a copy :

··"PHILA., Feb. 25, 1896.

"LOUIS F. HENIG, ESQ.,

"My dear sir : I told you when here you could go to work; if you do not want to do so please let me know.    I have been looking for you ever since.    I will pay you the balance, $553.07.

"Respectfully,

"E. PETERS."

The decedent was a builder and the claimant a journeyman painter.    The debt appears to have grown out of a transaction with regard to the building of houses in 1887 or 1888, the precise character of which was not shown.    The letter, however, contains a distinct recognition of the debt with a promise to pay, and as there was no evidence of payment or of such circumstances as would lead, satisfactorily, to a presumption of payment, the claim has been allowed with interest to June 5, 1901, the interest of course continuing until the debt is paid.

Exceptions to the adjudication were dismissed by the court.

*Error assigned* was in dismissing exceptions to adjudication.

*Edward Brooks, Jr.*, with him *Frederick J. Geiger*, for appellant.—The learned court below fell into the error of concluding that the specification of an amount is in itself an identification of the debt.    If this be so it will no longer be necessary to acknowledge the debt sued upon or identify it in any way other than by reference to the amount: Burr v. Burr, 26 Pa. 284; Shaffer v. Shaffer, 41 Pa. 51 ; Miller v. Baschore, 83 Pa. 356; Barney's Est., 15 Phila. 540; Landis v. Roth, 109 Pa. 621; Lowrey v. Robinson, 141 Pa. 189; Simrell v. Miller, 169 Pa. 326; Ward v. Jack, 172 Pa. 416; Hughes's Estate, 176 Pa. 387.

In cases where it is sought to collect a debt barred by the statute of limitations the action must be brought upon the original undertaking and not upon the new promise; and when the

statute is pleaded the new promise is proved to show that the objection to the old promise has been waived : Yaw v. Kerr, 47 Pa. 333 ; Suter v. Sheeler, 22 Pa. 308 ; Bolton v. King, 105 Pa. 80.

*James W. Laws*, with him *Augustus F. Daix, Jr.*, for appellee, cited : Burr v. Burr. 26 Pa. 284 ; Shaffer v. Shaffer, 41 Pa. 51 ; Miller v. Baschore, 83 Pa. 356 ; Weaver v. Weaver, 54 Pa. 152 ; McClelland v. West, 59 Pa. 487.

OPINION BY W. D. PORTER, J., April 21, 1902 :

The testimony of the accountant, who was a sister of the decedent and familiar with his business, established that there had been a course of dealing between Edwin Peters and Louis F. Henig which extended over the entire period between the years 1884 and 1896. Peters was a building contractor and Henig did for him all the painting upon his building operations. When there was a large contract Henig would hire all the painters to do the work, Peters furnishing them the materials with which to do it. In the years 1887 and 1888, Henig did for Peters the painting upon seventeen houses. The witness designated the relation between the decedent and Henig as that of " employer and employee," but she testified that she did not know what the exact nature of the contract between them was. The testimony of this witness, however, leaves no doubt that for a period of about twelve years terminating about the first of 1896, there had been mutual dealings between the parties, in the course of which Peters was constantly becoming debtor and paymaster to Henig. This course of dealing and the mutual transactions which it involved was a proper subject for an account stated between the parties, and the ascertainment of a balance due from one to the other. Some disagreement or misunderstanding having arisen between the parties and their dealings having been discontinued, the decedent, on February 25, 1896, wrote to Henig, saying : " I told you when here you could go to work ; if you do not want to do so please let me know. I have been looking for you ever since. I will pay you the balance, $553.07." The accountant further testified that Henig shortly after the date of this letter resumed work for the decedent and continued until the

death of the latter; that from 1896 up to the time of Peters's death Henig had been employed to work by the day and had been paid his wages weekly, but that she had found no receipt of Henig or other evidence indicating that the balance mentioned in the letter above referred to had ever been paid. The court below allowed the claim of Henig for the balance stated by the letter, $553.07, with interest from February 25, 1896, and from that decree Elizabeth H. Peters, who was the sole distributee after the payment of debts, took this appeal.

The learned counsel representing the appellant contend that this decree should be reversed for the reason that, the original claim being barred by the statute of limitations, the promise contained in the letter of the decedent did not clearly and unequivocally identify the debt to which the promise referred. This contention does not seem to be well founded. The promise was not merely to pay some particular debt, nor was it to settle some claim. " The balance " stated by the letter was not limited to any one account, and upon the face of the paper would imply a settlement of all the mutual demands of the parties. The parties having had a long course of dealing which was a proper subject for an account stated the question whether there had been a settlement of the accounts and the ascertainment of a balance was one of fact, and any evidence of assent upon the part of the debtor to an account stated was to be considered by the court below in passing upon that question of fact. Taken in connection with the evidence as to the course of dealing between the parties, the language of the letter was sufficient to justify a finding that upon a settlement of all the transactions between the parties there was a balance due from the decedent to Henig and that the decedent promised to pay that balance, specifying the exact amount: Tams v. Lewis, 42 Pa. 402; Felty v. Deaven, 166 Pa. 640; 1 P. & L. Digest of Dec. 24. The settlement of an account and striking of a balance is a clear admission of a precise indebtedness, the balance so ascertained becomes a new principal; it cannot be re-examined to ascertain the items or their character, except upon proof of fraud or mistake. An account stated is an answer to the plea of the statute of limitations as to the items of which the account is composed: Tassey v. Church, 4 W. & S. 141; Johns v. Lantz, 63 Pa. 324;

223, (1902).] Opinion of the Court.

Ruch v. Fricke, 28 Pa. 241 ; McClelland's Executor v. West's Administrator, 70 Pa. 183. When parties have had mutual dealings an admission by the defendant of a definite balance due against him is prima facie evidence of plaintiff's demand : Buckley v. Maryland Paving Company, 132 Pa. 572 ; Anderson v. Best, 176 Pa. 498 ; McGinn v. Benner, 180 Pa. 396. The letter of the decedent in evidence contained an unequivocal acknowledgment of a specific balance due against him upon general account and an express promise to pay it. The learned court below did not fall into error in allowing the claim.

The specifications of error are dismissed and the decree of the court below is affirmed.