## Blume v. Landsberg

*Jack A. Rounick,* for plaintiff.

*Herbert C. Nelson* and *Max D. Palitz,* for defendant.

SMILLIE, J., March 7, 1968.—On January 11, 1967, a petition to mark the judgment satisfied of record was refused, but leave was granted to change the

application to a petition to open judgment. After argument, en banc, by counsel for respondent Blume only, the court refused to open the judgment.

The opinion herewith is written pursuant to rule 46 of the Superior Court of Pennsylvania in support of the order of January 8, 1968, refusing to open the judgment.

The facts are as follows:

On May 10, 1957, petitioner executed a mortgage, recorded, to Sonia Epstein, on the Landsberg property at No. 660 Forrest Avenue, Rydal, Pa., for a loan of $5,000 for a term of one year at six percent. The mortgage was assigned to Louis B. Blume on November 10, 1958. Each year the parties mutually extended the term of the mortgage upon payment by the petitioner of the six percent interest plus a service charge. Early in 1964, petitioner refinanced her property. In order to refinance, Mrs. Landsberg was required to satisfy the earlier mortgage. On March 19, 1964, she paid Blume, respondent, $4,000, giving a judgment note at six percent for the balance due. Mr. Blume recorded the note in Philadelphia County and an exemplification of the judgment was recorded in Montgomery County.

Petitioner contends that the recording of the note by Mr. Blume was in violation of an oral understanding between the parties that the judgment note was not to be recorded. Respondent denied that there was any parol agreement not to record the judgment note; he alleged that the judgment note was to be fully repaid within one year, and it was upon the failure of petitioner to make the proper payments that Mr. Blume recorded the note at the end of the year.

Additionally, the petitioner failed to take depositions or show any proof of the allegation about recording the note as is required by the Montgomery County rules of court. Rule 209.2 provides:

"Whenever an averment of fact in a petition is denied in one of the forms set forth in Pa. R. C. P. 1029 (c), in an answer under oath, or whenever the answer shall contain new matter so entitled, the denial or new matter shall be deemed admitted unless the petitioner shall support his petition (a) by testimony, in the event that a judge shall fix a time for the taking thereof, or (b) by depositions filed at least ten days before the time finally fixed for hearing argument of the matter".

Respondent denied there was an oral agreement not to record the note; he alleged petitioner owed service charges on the loan; he denied that the judgment had been paid. Petitioner failed to file or take any depositions, and thus the denials of respondent are deemed admitted by petitioner. Also, there was no oral argument but only a brief filed which for the first and only time mentioned usury.

It is agreed by the parties that petitioner owed respondent the sum of $6,605.91, consisting of the principal sum of $5,000 plus interest of $1605.91. Respondent avers that, in addition, there were certain service charges which had been agreed upon by both parties still due and owing from petitioner.

Mrs. Landsberg contends that, to date, she has paid Mr. Blume a total of $7,420, a sum in excess of the total sum due and, therefore, maintains that the judgment has been paid.

Respondent denies petitioner's allegation that the judgment has been paid, but agrees that he has received over $7,000. In fact, he places the sum paid at $7,570, $150 more than petitioner says she paid. But the payments preceding the $4,000 payment in March, 1964, were payments of interest and service charges; and after the $4,000 payment there still remained a balance of $1,000 on the principal and service charges in the amount of $500, a total of $1,500. It was for

the debt of $1,500 that the judgment note of March 19, 1964, was executed. The $1,500 debt has never been satisfied. It is to open the judgment of $1,500 that creates the present issue.

The granting or refusal of a petition to open judgment is within the discretion of the court and its decision will not be reversed in the absence of a clear abuse of discretion or an error of law: Stephens v. Bartholomew, 422 Pa. 311 (1966). To warrant the opening of a judgment, petitioner must show a valid defense and "the existence of equitable considerations which impress the court with the need for relief": Liberty National Bank of Pittston v. Degillio, 406 Pa. 127 (1962).

Petitioner has not impressed the court with such a need.

The interest and service charges paid on the 1958 loan were never alleged to be usurious by petitioner. It was contained in the brief filed but not orally argued. There is no allegation and nothing of record to show usury.

In 1964, when petitioner refinanced her loan and paid off the first mortgage, she signed the judgment note for the balance of $1,500, knowing and understanding what service charges and interest she had been paying. It was no different, and when she signed the new judgment note, she acknowledged the indebtedness as being due in the amount claimed by the mortgagee. In Peters Estate, 20 Pa. Superior Ct. 223 (1902), the court said:

"The settlement of an account and striking of a balance is a clear admission of a precise indebtedness, the balance so ascertained becomes a new principal; *it cannot be re-examined* to ascertain the items or their character, except upon proof of fraud or mistake". (Italics supplied.) See also Shillingford v. Good, 95 Pa. 25 (1880).

In the case at bar, the petitioner's payment of $4000 and her note confessing an indebtedness of $1500 were tantamount to a cancelling of the old balance and an admission of a new debt. It was at that time that the petitioner should have claimed that the debt had been paid. Instead she waited until three years after execution of the judgment note and almost two years after judgment was entered thereon before bringing a petition to open judgment.

While there is no time limit on the exercise of the power of a court to open a judgment, the petition for same should be made promptly: Steigleman v. Sciotto, 388 Pa. 113 (1957). Where the delay in petitioning for the opening of the judgment is unreasonably long and without justification, the equitable doctrine of laches will be applied: Horn v. Witherspoon, 327 Pa. 295 (1937). The unreasonable delay may be considered as a factor but it is not the compelling one in reaching the conclusion to deny the petition. Yet, it seems clear from the record that delay is the purpose of petitioner.

Counsel for petitioner did not argue the case before the court but filed a brief, citing the case of Richman v. Watkins, 376 Pa. 510 (1954), in support of his contentions. The Richman case presented an entirely different situation where parol evidence was sought to be used to show that an admittedly ambiguous contract was usurious. The facts and reasoning of that case are not pertinent to the case at bar. We cannot assume that the service charges herein were not for services actually rendered: Lansdowne Finance Company v. Prusky, 120 Pa. Superior Ct. 555 (1936). At each annual extension of the loan, the parties mutually agreed to payment of 6 percent interest and 10 percent service charge. Petitioner voluntarily paid these charges for five years and reaffirmed it by executing a new judgment note in 1964.

The factual setting is somewhat analogous to that in Frey v. Northwestern Mutual Life Insurance Co., 46 D. & C. 264, (1942). There, plaintiff sued to recover $70.78 as excessive payments of compound interest on a loan from defendant. The County Court of Allegheny County, after stating the claim of usury was barred by the six-month statute of limitations under the Act of May 28, 1858, P. L. 622, sec. 2, 41 PS §4, reaffirmed the holding of the Peters case, supra, that the settlement of an account and the striking of a balance is an admission of an indebtedness, and that the balance becomes a new principal, not to be re-examined except upon proof of fraud, accident or mistake.

Applying the reasoning of the Peters and Frey cases, petitioner has not established a valid defense which would warrant opening the judgment. Her payment of $4,000 and her giving of the $1,500 judgment served to settle the old account and admit to a new one and she may not now complain about excessive payments under the prior one.

The petition of defendant to open the judgment is dismissed.