# Keystone State Building & Loan Assn., Appellant, *v.* Anderson.

*Building and loan associations—Loans—Competitive bidding—Bids in writing.*

Where a person desiring to become a borrower from a building and loan association makes and signs a written application containing a bid of ten cents per share, and authorizing the secretary to act in making the bid, and the secretary at a meeting of the directors at which only directors are present, presents a number of similar applications, and the directors acting solely on the written

applications grant all the loans at the rate of ten cents per share, such bidding is not competitive bidding within the meaning of the law, and a borrower cannot be charged with the amount of such premium in addition to a six per cent. charge.

Argued April 30, 1918. Appeal, No. 103, April T., 1918, by plaintiff, from order of C. P. Allegheny Co., April T., 1917, No. 725, making absolute rule to open judgment in case of Keystone State Building & Loan Association v. Edwin Campbell Anderson and Theresa Cecilia Anderson, his wife. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Rule to open judgment.

DAVIS, J., filed the following opinion:

The defendants November 21, 1901, executed a bond and mortgage to the plaintiff to secure a loan of $3,200. The judgment which the plaintiff asks to have opened is a confessed judgment on the bond accompanying the mortgage. The loan was made to the defendants on a written application to the plaintiff, which contained the following agreement to pay monthly not less than $32, to be applied as follows: "Second. To payment of interest on said loan at the rate of six per cent. per annum. Third. To the payment of a premium of ten cents per share per month on thirty-two shares of stock, which premium I authorize the secretary of said association to bid in my name for priority of loan."

The application for the loan was acted on at a meeting of the plaintiff held November 5, 1901. The following is an extract from the minutes of the meeting:

"The Board of Directors of the Keystone State B. & L. Assn. met this day at 4 o'clock p. m. in the office of the Assn. Present: Messrs. Brown, Howe, Fairman and Wilcox. The minutes of the meeting of October 29. 1901, were read and approved. The Sec'y. presented statement of the condition of the Assn. to date showing cash balance of $3,083.32. Bids for priority were then taken

the highest bidders being the following members whose loan applications were granted. The premium bid in each case being a monthly premium per share.

B-970 Mrs. Ella M. Harrison, $1,500 Prem. bid 10 cents Granted for $1,300.

B-971 Mary Lissey, $1,100 Prem. bid 10 cents Granted.

B-972 Jos. A. Carr, $800 Prem. bid 10 cents Granted.

B-973 Harry L. Brewster, $1,100 Prem. bid 10 cents Granted.

B-974 Theresa C. Anderson, $3,200 Prem. bid 10 cents Granted.

B-975 Alex Lesniak, $1,500 Prem. bid 10 cents Granted for $1,300.

B-976 F. & J. Speckhals, $1,700 Prem. bid 10 cents Granted.

B-977 Jacob J. Shtucka, $1,600 Prem. bid 10 cents Granted.

B-978 Tonyo & Erzya Kocelya, $1,000 Prem. bid 10 cents Granted.

B-979 Mrs. Minnie Guenther, $1,500 Prem. bid 10 cents Granted."

The evidence taken on this rule shows that the ten bids that appear in the above extract of the minutes were written applications, and that the secretary acted for all the applicants. The defendants were not present at the meeting, and evidently no other applicants for loans. The secretary merely presented the applications and the Board passed on them as presented.

Has the plaintiff complied with the requirements of the Act of 1874, P. L. 96, which provides that the money of the association "shall be offered for loan in open meeting, and the stockholders who shall bid the highest premium for the preference of priority shall be entitled to receive a loan?"

The Act of June 4, 1901, P. L. 403, that authorizes building and loan associations to receive bids in writing does not do away with the competitive bidding required by the Act of 1874. It might be that when all the bids

were opened and submitted the applicants would have bid the same premium and the association might grant all to the extent of the available funds.

In the case at bar the bids are sent in in writing by the applicants and the secretary of the plaintiff is authorized to make a single bid at a fixed premium and the ten bids are the same as shown by the minutes. It is apparent if all applications for loans were taken in the manner indicated by the minutes that there could be no competitive bidding, and the evidence of the plaintiff is not clear that any other way was customary in making loans to members.

If fixed bids were the rule, then this case comes within the ruling of Klein v. Penna. Savings Fund & Loan Association, 216 Pa. 516, in which the court in its opinion said:

"'Was the law complied with in bidding for preference? At the time plaintiff received his loan there were fifteen applications for loans. It does not appear that a single applicant was present in person at the meeting. Each had appointed an officer of the association his representative to bid for him a definitely fixed premium of six per cent. per annum. These applications were virtually an agreement upon the part of the borrower to pay a premium of six per cent. in addition to legal interest, and the power of attorney attached merely authorized the applicant's representative to convey that offer to the association. It does not appear to have been the intention of the parties that there should be competition between the borrowers. On the contrary, the conclusion is irresistible that just the opposite was intended. Instead of bidding, i. e., competing at auction for priority, these offers were handed to the directors of the association by the representative of the applicant, and were thereafter acted upon according to priority of date.'"

Taking also into consideration the question of the fines, as shown by the statement given on request of the defendants three months before confession of judgment

231, (1918).] Opinion of Court below—Opinion of the Court.

on the bond showing the sum of $180.41, and the large increase in amount to $514.49 included in the confessed judgment, we are of the opinion that the judgment should be opened and that the defendants be permitted to defend.

And now, November 1, 1917, upon due consideration, the rule in this case to open the judgment is made absolute.

*Error assigned* was the order of the court.

*Thomas Leggate,* for appellant, cited: Stiles' App., 95 Pa. 122.

*W. G. Negley,* for appellee.

PER CURIAM, July 10, 1918:

After due consideration of the petition, answer and testimony taken on a rule to show cause why a judgment against the defendants should not be opened, the court made the rule absolute, for reasons set out at length in a carefully prepared opinion. For the reasons therein given, and in Stoddart v. Myers, 52 Pa. Superior Ct. 179; Roeser v. German Natl. B. & L. Assn., 32 Pa. Superior Ct. 100, the assignments of error are overruled, and the judgment is affirmed.