Home Building and Loan Association of Latrobe v. Kowatch et al., Appellants.

Argued April 21, 1936.

Before CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Hackett Mullen,* for appellants.

*John S. Lightcap,* with him *John S. Lightcap, Jr.,* for appellee.

OPINION BY BALDRIGE, J., July 10, 1936:

This is an appeal from the order of the learned court below discharging a rule to show cause why judgment should not be opened and defendants let into a defense.

On March 13, 1923, Mary Kowatch and Alexander Kowatch, the appellants, obtained a loan from the Home Building and Loan Association, in the sum of $1,200. On July 23, 1925, they made application for, and were granted, an additional loan of $300.

The principal grounds upon which the appellants relied to open the judgment are stated in the fourteenth paragraph of their petition, which reads as follows:

"That both the original loan and the additional loan were granted to the petitioners, as well as to all other applicants to whom loans were granted at the same meetings, at the premium of twenty-five (25c) cents per month for each hundred ($100) dollars loaned, as is revealed by true and correct copies of the minutes of the meetings, at which both loans were granted, hereto attached and marked exhibits 'D' & 'E', being at the rate of three (3%) per cent per annum on each hundred ($100) dollars loaned, that being the minimum fixed by the association at which it would grant a loan, and said association refusing to receive a less bid, and at meetings of the said association at which prospective borrowers did not attend nor submit written applications, all of which was to the detriment and prejudice of your petitioners, and in violation of the stat-

utes governing loans by such associations as well as the plaintiff association's own by-laws."

The association denied the allegations in the petition, and further averred that the $300 additional loan was granted so that arrearages on the original claim, amounting to $230.80, could be paid; that the sum of $59.15 remaining after deducting a small entry fee, dues, interest, and premium for the month of August on the second loan, was paid to the petitioners; that the loans were made in accordance with the laws, rules, and regulations of the association as set forth in section 2 of article VI of its by-laws, which imposes no maximum but a minimum premium of 15 cents a share per month, and in section 2 of article VIII, which provides: "Each and every stockholder who shall neglect or refuse to pay his monthly dues or interest, as often as the same shall become due and payable, shall forfeit and pay the additional sum of two cents monthly on each and every dollar due by him, her or them."

The learned court below, after argument on petition and answer, no depositions having been taken, discharged the rule.

The petitioners, to sustain the burden cast upon them, must rely upon the minutes of the association. They contend the copies of the minutes of the directors' meetings attached to the petition show that the association failed to comply with the requirement of the Act of April 29, 1874, P. L. 73, §37, cl. 4 (15 PS §951), that all money "shall be offered for loan in open meeting, and the stockholder who shall bid the highest premium for the preference or priority of loan shall be entitled to receive a loan of not more than the amount fixed by charter as the full value of a share for each share of stock held by such stockholder."

It is clear from the records that the association, by an amendment to its by-laws, did not bring itself within the provision of the Act of May 14, 1913, P. L.

205, §1c (reenacted in the Act of April 8, 1927, P. L. 179, §1c, 15 PS §953), which dispensed with the necessity of competitive bidding. It was required, therefore, to offer in open meeting its available money to applicants for loans by competitive bidding, and if there was a failure to do so, the charging of a premium was invalid: *Stiles' App.*, 95 Pa. 122; *Klein v. Penna. Savings F. & L. Assn.*, 216 Pa. 516, 65 A. 1103; *Roeser v. German Natl. B. & L. Assn.*, 32 Pa. Superior Ct. 100; *Stoddart v. Myers*, 52 Pa. Superior Ct. 179; *Keystone State B. & L. Assn. v. Anderson*, 70 Pa. Superior Ct. 231; *Garbarini v. Amer. Snyder B. & L. Assn.*, 116 Pa. Superior Ct. 41, 176 A. 49.

In the copy of the minutes of the regular meeting of the directors of the association held on July 14, 1925, with which we are especially interested, we find that six applications for loans were made, including one by Mary Kowatch in the sum of $300, and that "these loans were bid off at a premium of 25 cents per share." It will be observed that, while Mary Kowatch applied for a loan, it was not noted on the record that she was personally present at the meeting. On the other hand, it cannot be definitely concluded that she was not there. The statement that "these loans were bid off at a premium of 25 cents per share" must be accepted as true. Here, again, there is some uncertainty that there was any competition in the bidding. The averments in the petition that the association failed to comply with the laws relating to these important features, which, as we have stated, were denied, could have easily been proven, if true. Although the minutes are not as full and explicit as desirable, they do not conclusively establish the allegations. If there was competitive bidding in open meeting, the amount of the premium and fines imposed was not in violation of the Building and Loan Act of April 10, 1879, P. L. 16, §6 (15 PS §933), which provided that fines or penalties for the non-payment

of installments of dues, interest, and premiums shall not exceed two per centum per month on all arrearages.

The facts here are dissimilar to those in *Klein v. Penna. Savings F. & L. Assn.*, supra (216 Pa. 516, 65 A. 1103), where applicants for loans were notified that they would be required to pay on all loans a six per cent premium per annum, and give a power of attorney to an officer or employee of the association to submit the bid, and the applications were passed upon according to their priority, without any bidding or competition. It affirmatively appeared in *Roeser v. German Nat. B. & L. Assn.*, supra (32 Pa. Superior Ct. 100); *Stoddard v. Myers*, supra (52 Pa. Superior Ct. 179), and the other cases relied upon by appellants, that the applicants were deprived of the privilege of entering into open bidding at the meeting.

The judge below expressed the view that this proceeding was instituted principally for delay so that the petitioners could remain in possession of the property, notwithstanding they were not paying any dues, premiums, etc., to the association, or any taxes. He pointed out that the second loan was obtained in the same manner as the first, as shown by the minutes, and that if the appellants had any real complaint it could have readily been made when the second loan was applied for.

Aside from the motive that may have prompted the institution of this proceeding, we are of the opinion, from the record before us, that the petitioners failed to sustain the burden of proving any illegal action upon the part of the association.

Order is affirmed, at appellants' costs.