Opinion by
 

 Baldrige, J.,
 

 The appellants herein filed a bill in equity which contained the following averments:
 

 On March 29, 1923, the appellants executed a mortgage and bond in the penal sum of $2,400, in favor of the defendant association. They became delinquent in the payment of the installments, interest and premiums, and on July 23, 1925, executed an additional mortgage and bond in the penal sum of $600. The greater part
 
 *519
 
 of the proceeds of this second loan was applied to payments in arrear on the first mortgage. The assessment and collection of the premiums and fines were illegal in that both loans were granted to them at the fixed premium at meetings which they did not attend or submit a written application therefor. On January 9, 1935, a fi. fa. was issued to No. 155, February Term, 1935, and the plaintiffs’ property was sold thereunder at sheriff’s sale on November 6, 1936, and a deed was executed and delivered to the defendant association, the purchaser, which was duly recorded. Notice was then served on plaintiffs demanding immediate possession of the property. Plaintiffs prayed that the bond executed when the second mortgage was obtained and the sheriff’s deed be declared null and void, and that the record indebtedness of both mortgages be marked satisfied.
 

 The defendant filed an answer under Equity Eule No. 48, raising preliminary objections to the bill, alleging therein that the matter had been fully adjudicated, as a petition was filed by the appellants on April 26, 1935, praying that the judgment in question be opened and they be permitted to enter into a defense; that the parties to the bill are identical with those in the proceedings to open judgment, the substance and issues of the controversy are the same; therefore, the equity court does not have jurisdiction. That was the proper practice to follow:
 
 Long et al. v. Metzger et al., S., B. M. E. Etc.,
 
 301 Pa. 449, 152 A. 572. The application to open judgment came on for hearing in the lower court, and, after argument, was decided in favor of the Home Building and Loan Association, present defendant. Upon appeal, the decree of the lower court was affirmed. See
 
 Home B. & L. Assn. v. Kowatch et al.,
 
 123 Pa. Superior Ct. 218, 186 A. 258.
 

 The record discloses that on November 4, 1936, two days before the sheriff’s sale, the attorney for appellants
 
 *520
 
 filed a praecipe with the prothonotary “to place the matter at No. 155, February Term, 1935, on the argument list before the court in banc.” It was to that number a fi. fa. was issued on the judgment which the appellants had unsuccessfully attempted to have opened. On January 26, 1937, the court in banc filed the following order:
 

 “All the judges concurring it is ordered, adjudged and decided that the defendant’s motion to have the above entitled action on the argument list for re-argument to be held by the court in bane is hereby dismissed.”
 

 This action was followed on February 11,1937, by the filing of the present bill of complaint. The preliminary objections to the bill were argued before Judge Keenan, who entered the following decree:
 

 “After argument and due and careful consideration, it is ordered, adjudged and decreed that the Bill of Complaint be dismissed and the relief prayed for in the Bill be refused at the cost of the Orators.”
 

 This appeal followed.
 

 It is very clear that the same parties are seeking relief in equity under the same facts relied upon in their application to open judgment. In the former proceeding, the court of common pleas was administering equity under the common law forms: Mitchell on Motions and Rules at Common Law, p. 78. Its jurisdiction was broad enough to determine all questions now raised. Every defense now set up was then available. This is simply an endeavor to try in another court the same case that has been adjudicated. Having failed in the court to which they first resorted, the appellants cannot now obtain relief without showing additional grounds. The decision there is conclusive:
 
 Wilson v.
 
 Buchanan, 170 Pa. 14, 32 A. 620. In
 
 Frauenthal's Appeal,
 
 100 Pa. 290, 296, the court said:
 

 “Under our system of jurisprudence the courts of.
 
 *521
 
 common pleas have full equity powers. Many of them may be invoked either by motion and rule or by bill. In those cases where it is optional for a party to elect in which manner he will apply for the exercise of those equitable powers, and he does so elect, and the court, with full power to grant the desired relief, after full hearing, refuses it, why shall not the decision be conclusive? ...... Whether the application to enjoin against issuing execution be by motion and rule, or by bill, the relief is sought through the exercise of the equitable powers of the court alone, and not through the intervention of a jury.
 

 “The appellee in this case made his election. He submitted his alleged grievance to a court of competent jurisdiction. He had his day in court. The identical matter was adjudged against him.
 
 Interest reipublicae ut sit finis litiwm.”
 

 The appellants contend that the decision in that case is not applicable, as, there, depositions were taken and the controversy was decided upon its merits, while, here, no depositions were taken. The argument is advanced that the appellants did not have an opportunity to take depositions as, under the practice that prevails in Westmoreland County, when an answer is filed the case is automatically placed on the argument list, to be heard by the court, and it then determines whether the appointment of a commissioner to take testimony on the rule is necessary, although, admittedly, there is no rule of court to that effect. This case was placed on the argument list, but we do not know the scope of the arguments of counsel at that hearing. The record, however, does not disclose that any request was made to take testimony.
 

 In any event, the members of this court are of the opinion that the questions now before us were raised and considered in the former proceeding and that the preliminary objections to the bill are well founded.
 

 
 *522
 
 A further difficulty, however, confronts the appellants. Assuming, arguendo, that the court of equity has jurisdiction to exercise its powers over the records of another court, it is too late now, after the acknowledgment, delivery and recording of the sheriff’s deed, to attack the validity of the sale or deed except for fraud or want of authority to make the sale:
 
 Lengert v. Chaninel,
 
 208 Pa. 229, 57 A. 561;
 
 Fenton v. Joki et ux.,
 
 294 Pa. 309, 144 A. 136;
 
 Knox v. Noggle,
 
 328 Pa. 302, 196 A. 18;
 
 Colvin v. Crown Coal & Coke Co.,
 
 90 Pa. Superior Ct. 560. There is a complete absence of any facts showing fraudulent conduct or lack of authority upon the part of the sheriff that would impeach this transaction.
 

 We find no reason for disturbing the action of the learned court below.
 

 Decree is affirmed, at appellants’ costs.