## Frey v. Northwestern Mutual Life Insurance Co.

*R. A. Balph* and *James Balph*, for plaintiff.
*Dickie, Robinson & McCamey*, for defendant.

LENCHER, J., January 31, 1942.—In this action in assumpsit, plaintiff sued to recover $70.78 as excessive payments of compound interest which he declares he should not have paid on a loan advanced him by the defendant insurance company. Defendant filed an answer containing new matter, claiming that the payment was voluntarily made, directly in accordance with the terms of a written loan agreement, that plaintiff was barred because of the existence of an account

stated, and, further, barred by that portion of the provisions of the statute of limitations specifically referred to hereinafter. Plaintiff replied to that answer and new matter, averring that the allegations in defendant's answer and new matter are facts set forth in plaintiff's own statement and consist of legal conclusions, so that no answer would be required; plaintiff says that there was no new consideration for the execution of a policy loan agreement, since the loan was granted, under plaintiff's theory of the case, in line with the provisions of the original insurance policy, those provisions being so complete in themselves as to require no policy loan agreement. Plaintiff did sign the policy loan agreement, and says in his replication that defendant insisted upon the signing of such policy loan agreement as a "necessary formality and condition precedent to the granting of any loan, without which no loan would be granted by defendant. That plaintiff, confronted with the choice of foregoing the loan or signing said policy loan agreement, did so under such fraudulent, oppressive and coercive circumstances as to amount to a breach of good faith upon the part of defendant." Defendant seeks judgment for insufficiency of plaintiff's reply as above reviewed. Plaintiff seeks judgment against defendant for alleged insufficiency of the answer and new matter. We cannot sustain the sufficiency of plaintiff's reply; defendant's motion must be granted, since plaintiff has no legal standing to maintain this suit.

The pleadings show the following history: In September 1922 the defendant insurance company insured the life of plaintiff. In January 1934 he applied for a loan in the sum of $1,000. Under the provisions of the original policy itself, plaintiff had the right to an advance against the policy, at a rate of interest not exceeding six percent, up to 95 percent of the cash value, upon request, the sole security being the policy properly assigned. In January 1934 plaintiff signed

a policy loan agreement, providing that if interest were unpaid it would be added to and become a part of the principal and would bear interest. Plaintiff himself agrees (paragraph 7 of the original statement of claim) that during the period while said loan was in effect no interest was paid by plaintiff until plaintiff on August 5, 1940, paid defendant $1,462.44, of which $1,000 represented the original loan and $462.44 interest annually compounded at the rate of six percent. Had plaintiff not paid compound interest, he would have paid $70.78 less on August 5, 1940. He sues in assumpsit to recover that amount of money.

Plaintiff in his reply does not deny the allegations in paragraph 10 of the new matter to the effect that during the existence of the loan defendant notified plaintiff from time to time with reference to non-payment of interest when due, and that same was added to the principal in accordance with the policy loan agreement, these acts amounting to an account stated between the parties, in which said account defendant charged and collected interest in accordance with the agreement between the parties. Once an account takes on the form of an account stated, the courts are ordinarily reluctant to allow it to be reopened, and the reluctance increases with the lapse of time. See Mechem on Agency, secs. 1351 and 1352. In similar situations, the facts, of course, being different, our courts have applied this principle and have indicated that the settlement of an account and the striking of a balance is an admission of the indebtedness, and that the balance becomes a new principal, not to be reëxamined except upon proof of fraud, accident, or mistake. See Peters' Estate, 20 Pa. Superior Ct. 223, 226, and Shillingforth v. Good, 92 Pa. 25. As to usury the sum voluntarily paid might still be questioned but we believe that plaintiff is barred from attempting to recover the sum he paid, by reason of the provisions of the Act of May 28, 1858, P. L. 622, sec. 2, 41 PS §4, reading as follows:

" . . . when a rate of interest for the loan or use of money, exceeding that established by law, shall have been reserved or contracted for, the borrower or debtor shall not be required to pay to the creditor the excess over the legal rate; and it shall be lawful for such borrower or debtor, at his option, to retain and deduct such excess from the amount of any such debt; and in all cases where any borrower or debtor shall heretofore, or hereafter, have voluntarily paid the whole debt or sum loaned, together with interest exceeding the lawful rate, no action to recover back any such excess shall be sustained in any court of this commonwealth, unless the same shall have been commenced within six months from and after the time of such payment: *Provided always*, That nothing in this act shall affect the holders of negotiable paper, taken *bona fide* in the usual course of business."

Had defendant sued in assumpsit, it would not have been able to collect the additional or compounded interest. When plaintiff made total repayment in August 1940 he was permitted by the provision of the act of assembly just cited to deduct the excess. He did pay that excess and did not institute his action in assumpsit to recover it until July 2, 1941, a date far beyond the six months' limitation "from and after the time of such payment". The provision of this limitation in the act of assembly is specially pleaded in the affidavit of defense and new matter, and plaintiff does not counter it in his reply. The legislative provision pleaded is clearly valid: Commonwealth v. Hill, 46 Pa. Superior Ct. 505, 508; Garbarini v. The American Snyder B. & L. Assn., 116 Pa. Superior Ct. 41. Even if we accept plaintiff's assumption and agree for the sake of argument that the parties were permanently committed by the language of the policy itself with respect to the rate of interest if there were a loan, without possibility of any future modification or substitution

even by writing, this legislation, specially pleaded and undenied, would determine the issue before us.

Nowhere in the original praecipe and statement of claim does plaintiff indicate why he did sign the policy loan agreement, in the face of his averment that he already had the right to borrow under the provisions of the policy itself and upon the sole security of the assignment of the policy at a rate not exceeding six percent per annum. In his reply, plaintiff introduces his averment that defendant insisted upon the execution of the policy loan agreement, and makes the allegation already quoted above. In none of his pleadings, taken together and construed most favorably to him, does plaintiff do more than make general averments. In the reply, the claim of duress or coercion is accompanied by no statement of facts upon which the conclusion is based, and that general averment of duress or coercion is insufficient to avoid judgment for defendant: Levine et al. v. Pittsburgh State Bank et al., 281 Pa. 477, 482. There is no intimation of any claim of duress or coercion except in the reply, and there plaintiff does not indicate that any agent of defendant, by words or deeds, took from him the power of withholding his assent to the policy loan agreement. He makes no allegation that there were such constraints imposed upon him as would be sufficient in severity or apprehension to overcome the mind of a person of ordinary firmness. But there is an even more difficult hurdle for plaintiff to pass: In the interim he received statements of account, without protest, and on August 5, 1940, when he made voluntary payment and parted with $462.44 interest compounded, he makes no averment of any fraud or duress or coercion imposed upon him at the moment of his payment of the sum which he now seeks to recover.

Plaintiff's motion for judgment on the pleadings must be denied. Defendant's motion for judgment for

want of a sufficient plaintiff's reply to the allegations in defendant's answer and new matter is granted.