652 A.2d 327

**WORKINGMEN'S SAVINGS AND LOAN ASSOCIATION OF DELLWOOD CORPORATION**

v.

**Robert W. KESTNER and Jean C. Kestner, His Wife and all Other Occupants**

**Appeal of Robert W. KESTNER and Jean C. Kestner, His Wife.**

Superior Court of Pennsylvania.

Argued Sept. 27, 1994.

Filed Dec. 21, 1994.

John P. Yukevich, Jr., Pittsburgh, for appellants.

Louis P. Vitti, Pittsburgh, for appellee.

Before WIEAND, OLSZEWSKI and KELLY, JJ.

WIEAND, Judge:

In cross actions to determine rights of ownership and possession to improved real estate sold at sheriff's sale, the trial court entered judgment on the pleadings in favor of the purchaser and against the former owners. After careful review, we affirm.

Robert W. Kestner and Jean Kestner, husband and wife, were the owners of and resided at premises 539 Glen Mitchell Road, Osborne, Allegheny County. In 1990, they borrowed the sum of forty-four thousand, one hundred fifty ($44,150) dollars from Dellwood Corporation (Dellwood) and gave as security therefor a mortgage on their real estate. The mortgage was thereafter assigned to Workingmen's Savings and Loan Association of Dellwood Corporation (Workingmen's). When the Kestners defaulted in making repayment of the loan, Workingmen's was able to obtain judgment in an action to foreclose the mortgage. After the real estate had been scheduled for sheriff's sale on December 7, 1992, the Kestners, on December 4, 1992, filed a joint petition in bankruptcy. This, of course, resulted in the issuance by the bankruptcy court of an automatic stay of the sheriff's sale.

On December 7, 1992, the sheriff's sale of the real estate was continued publicly until March 1, 1993, in accordance with Pa.R.C.P. 3129.3(b).[1] On February 3, 1993, the bankruptcy court granted relief from the automatic stay; and, on March 1, 1993, the mortgaged premises were sold by the Sheriff of Allegheny County to Workingmen's. Thereafter, a sheriff's deed for the premises was duly executed, delivered and recorded to the purchaser. The prior owner-mortgagors, however, refused to surrender possession of the premises; and, therefore, Workingmen's commenced an action in ejectment to recover possession. The Kestners, in turn, filed a cross action to quiet title to the same premises. In this action the Kestners contended that the sheriff's sale had been null and void and the sheriff's deed ineffective to pass title to the purchaser. The trial court entered judgment on the pleadings in favor of Workingmen's in the ejectment action and dismissed the Kestner's cross action to quiet title.

1. Pa.R.C.P. 3129.3(b) provides as follows:

(b) If the sale is stayed, continued, postponed or adjourned to a date certain within one hundred days of the scheduled sale, and public announcement thereof, including the new date, is made to the bidders assembled at the time and place originally fixed for the sale, no new notice shall be required, but there may be only one such stay, continuance, postponement or adjournment without new notice.

■ The proper procedure to contest a sheriff's sale is by petition, before delivery of the sheriff's deed, under Pa.R.C.P. 3132. *Beckman v. Altoona Trust Co.,* 332 Pa. 545, 2 A.2d 826 (1939). After delivery of a sheriff's deed to a purchaser, the only attacks possible on the sheriff's sale are those based on fraud which vitiates the transaction or a lack of authority to make the sale. *Concord–Liberty Savings and Loan Association v. NTC Properties, Inc.,* 454 Pa. 472, 476, 312 A.2d 4, 5–6 (1973); *Garrison v. Erb,* 424 Pa. 306, 309, 227 A.2d 848, 849 (1967); *Kowatch v. Home Building and Loan Association of Latrobe,* 131 Pa.Super. 517, 522, 200 A. 111, 113 (1938).

In the instant case, appellants' attack on the sheriff's sale came too late. Appellants argue, however, that the sheriff's sale was in violation of the automatic stay issued by the bankruptcy court. More specifically, they contend, the automatic stay prevented the scheduled sheriff's sale of December 7, 1992, from being continued publicly to a date certain under Pa.R.C.P. 3129.3(b). According to their contention, the automatic stay wiped away the sheriff's execution, and any later execution had to begin anew. Therefore, they would have us conclude, there was an absence of proper notice of the sheriff's sale on March 1, 1993; and this rendered the sale null and void. We reject this argument.

■ Under the prevailing view, postponing a foreclosure sale is not violative of the automatic stay provisions. *Zeoli v. RIHT Mortgage Corp.,* 148 B.R. 698, 700 (D.N.H.1993). Postponement notices which specify a new sale date merely preserve the status quo between creditor and debtor. *Matter of Roach,* 660 F.2d 1316, 1318–1319 (9th Cir.1981); *Zeoli v. RIHT Mortgage Corp., supra* at 702; *BAM Investments, Inc. v. Roberts,* 172 Ariz. 602, 838 P.2d 1363, 1365 (App.1992). See also: *In re Tome,* 113 B.R. 626, 630–632 (C.D.Cal.1990). We agree that this is a correct view and, therefore, adopt it. Such a view is entirely consistent with the protection intended by the automatic stay provisions of 11 U.S.C. § 362 and the rule of Pa.R.C.P. 3129.3(b).

Because the sheriff's sale was properly held on due notice, appellants were not improperly denied an opportunity to cure their default. The opportunity to cure their default was lost by the Kestners' failure to tender the amount necessary to reinstate the mortgage and not because of any defect in the foreclosure proceedings.

A judgment on the pleadings is proper where there is no genuine issue of fact and the moving party is entitled to judgment as a matter of law. *Kelly v. Nationwide Ins. Co.*, 414 Pa.Super. 6, 9–10, 606 A.2d 470, 471 (1992). Here, it is clear that a trial would be a fruitless exercise. It was proper, therefore, for the trial court to enter judgment on the pleadings. *Kelly v. Nationwide Ins. Co., supra; Matthew–Landis Co. v. Housing Authority of County of Chester*, 240 Pa.Super. 541, 543, 361 A.2d 742, 743 (1976).

Affirmed.