**In re Mitchell W. FINE, Debtor.**

**No. BKY 00–43639.**

United States Bankruptcy Court, D. Minnesota.

Nov. 21, 2002.

Eric D. Cook, St. Paul, MN, for Long Beach Mortgage Company.

Jasmine Z. Keller, Minneapolis, MN, trustee.

## MEMORANDUM ORDER DENYING DEBTOR'S § 362(h) MOTION

ROBERT J. KRESSEL, Bankruptcy Judge.

This case came on for hearing on the debtor's motion pursuant to 11 U.S.C. § 362(h). Brian F. Kidwell appeared for the debtor and Eric D. Cook appeared for Long Beach Mortgage Company.

This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 1070–1. This is a core proceeding.

### THE FACTS

Both parties have alleged various facts relating to issues that are currently involved in state court litigation. The only facts that are relevant to this proceeding, however, are simple: Long Beach began foreclosure of its mortgage in March of 2000. On June 30, 2000, it began publication of its foreclosure notice and served the debtor on July 7, 2000. The foreclosure sale was scheduled for August 17, 2000. The debtor filed this Chapter 13 case on August 16, 2000. Long Beach postponed the sale and a Notice of Postponement was published on August 25, 2000. The debtor's case was dismissed on September 1, 2000, for failure to file any schedules or statements.

### THE DEBTOR'S CLAIMS

The debtor argues that the publication of the Notice of Postponement was a violation of the automatic stay because it was a "continuation, including the issuance or employment of process, of [an] action or proceeding against the debtor" 11 U.S.C.

Brian F. Kidwell, St. Paul, MN, for debtor

§ 362(a)(1); an "act to obtain possession of property of the estate or property from the estate..." § 362(a)(3); an "act to ...enforce any lien against property of the estate..." § 362(a)(4); and an "act to...enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of a case..." § 362(a)(5). The debtor also claims that Long Beach wilfully violated the automatic stay pursuant to 11 U.S.C. § 362(h), and seeks damages under that provision, including punitive damages and attorneys fees. I find that there was no violation of the automatic stay.

## DISCUSSION

■ The primary purpose of the automatic stay is to give the debtor a breathing spell from his creditors, to stop all collection efforts, stop all harassment of a debtor seeking relief, and to maintain the status quo between the debtor and his creditors, thereby affording the parties and the court an opportunity to appropriately resolve competing economic interests in an orderly and effective way. *Zeoli v. RIHT Mortgage Corp.*, 148 B.R. 698, 700 (D.N.H.1993); Notes of Committee on the Judiciary, Sen.Rep.No. 989, 95th Cong., 2d Sess. 54, reprinted in (1978) U.S.Code Cong. & Ad.News 5787, 5840. Maintaining the status quo is a repeating theme in construing the automatic stay provisions. *In re New American Food Concepts*, 70

B.R. 254, 257–258 (Bankr.N.D.Ohio 1987) (stating in litigation concerning the automatic stay the Code generally seeks to leave matters in a status quo posture). The automatic stay does not, however, necessarily prevent all activity outside the bankruptcy forum[1], and the weight of authority[2] on the issue of whether postponement of a sheriff's sale in accordance with state law is a violation of the automatic stay have held that postponement notices specifying a new sale date do not violate the provisions of 11 U.S.C. § 362.

■ The Notice of Postponement of the sheriff's sale in this case was not a continuation of any action or proceeding against the debtor. Similarly, it was not an act to obtain possession of property of the estate or property from the estate. It was not an act to enforce a lien against the property of the estate, nor was it an act to enforce against property of the debtor any lien.

Long Beach's only alternative was to cancel the sale completely, which would nullify its foreclosure action, requiring it to start all over again, losing at least six weeks and incurring significant additional cost. This would turn the automatic stay into a sword rather than a shield it is intended to be. Postponement of a foreclosure sale is certainly an act, but it is not a continuation of a proceeding against the debtor prohibited by § 362. *Taylor v. Slick*, 178 F.3d 698, 702 (3rd Cir.1999).

1. *See, e.g., Citizens Bank of Maryland v. Strumpf,* 516 U.S. 16, 116 S.Ct. 286, 133 L.Ed.2d 258 (1995), where the Supreme Court held that a bank could put an administrative freeze on a debtor's bank account to protect its setoff rights as long as it did not actually offset until it obtained relief from the stay.

2. *Taylor v. Slick,* 178 F.3d 698 (3rd Cir.1999); *In re Peters,* 101 F.3d 618 (9th Cir.1996); *First Nat'l Bank of Anchorage v. Roach (In re Roach),* 660 F.2d 1316 (9th Cir.1981); *Wash-*

*ington Mutual v. Fritz (In re Fritz),* 225 B.R. 218 (E.D.Wash.1997); *Zeoli v. RIHT Mortgage Corp.,* 148 B.R. 698 (D.N.H.1993), *In re Barnes,* 119 B.R. 552 (S.D.Ohio 1989), *Workingmen's Savings and Loan Ass'n of Dellwood Corp. v. Kestner,* 438 Pa.Super. 186, 652 A.2d 327 (1994); *see also In re Roche,* 228 B.R. 102, 103–104 (Bankr.M.D.Pa.1998) (stating that every court that has studied this specific issue (and has not been reversed) has found no violation).

Rather, it is better characterized as an act in preservation of a stayed proceeding. *Id.; Zeoli v. RIHT Mortgage Corp.,* 148 B.R. 698, 701 (D.N.H.1993). Such preservation continues until the bankruptcy process is completed or until the creditor obtains relief from the automatic stay.

I note that it has not been shown that harassment, rather than preservation of the status quo, was a motivating factor on the part of Long Beach. It similarly has not been shown that the mere postponement of the sheriff's sale either harassed the debtor, or revived the financial pressures that drove him into bankruptcy. *See Hart v GMAC Mortgage Corp. (In re Hart),* 246 B.R. 709, 741 (Bankr.D.Mass. 2000) (stating that if a secured party repeatedly continued the foreclosure sale for brief periods, it is conceivable that harassment rather than preservation of the status quo would be motivating the creditor and warrant judicial intervention). Since there was no violation of the automatic stay, the debtor is obviously not entitled to damages under 11 U.S.C. § 362(h).

## ORDER

THEREFORE, IT IS ORDERED that:

The debtor's motion for damages under 11 U.S.C. § 362(h) is denied.