J-S95018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| RBS CITIZENS, N.A. SUCCESSOR IN INTEREST TO CCO MORTGAGE CORP. F/K/A CHARTER ONE MORTGAGE CORP. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| UNKNOWN, HEIRS, SUCCESSORS, ASSIGNS, AND ALL PERSONS, FIRMS, OR ASSOCIATIONS CLAIMING RIGHT, TITLE OR INTEREST FROM OR UNDER JAMES E. MILLER; JAMES E. MILLER, III; TIFFANY MILLER; AND TIMOTHY MILLER; KENNETT SQUARE PROPERTIES, LLC, THIRD PARTY PURCHASER/INTERVENOR | |
| Appellees | No. 1862 EDA 2016 |

Appeal from the Order Entered May 17, 2016
In the Court of Common Pleas of Chester County
Civil Division at No(s): 11-01363

BEFORE: STABILE, J., MOULTON, J., and MUSMANNO, J.

MEMORANDUM BY MOULTON, J.: **FILED MAY 23, 2017**

RBS Citizens, N.A., as successor in interest to CCO Mortgage Corporation, f/k/a Charter One Mortgage Corporation, appeals from the May 17, 2016 order entered in the Chester County Court of Common Pleas denying its petition to set aside sheriff's sale and strike deed. We affirm.

The trial court set forth the following factual and procedural history:

RBS Citizens, N.A. . . . ("RBS Citizens") brought this foreclosure action against Defendants, Unknown Heirs, Successors, Assigns and All Persons, Firms, or Associations claiming Right, Title or Interest from or under James E. Miller, deceased, James E. Miller, III, Tiffany Miller, and

Timothy Miller . . . . and obtained a judgment by default . . . in the amount of $111,307.75. RBS Citizens took the property, located at 435 Cedar Springs Road, Kennett Square ("Property"), to sheriff's sale on June 18, 2015, where [Kennett Square Properties, LLC ("Kennett Square")] was the successful bidder for $81,000.

The Sheriff notified its title company of the sale so that liens against the Property could be researched and a schedule of distribution produced.[1] On July 31, 2015, the title company sent a schedule of distribution to the Sheriff by mail and the Sheriff received the same on August 3, 2015 ("Schedule"). On receipt, the Sheriff posted the Schedule in a public location in her office lobby and mailed a copy to RBS Citizens' attorney, Shapiro & DeNardo, and to [Kennett Square]. The Schedule shows, inter alia, a lien of $44,104.23 on account of child support to be paid to Domestic Relations.

[1] Nicole Barron, administrative real estate manager for the Chester County Sheriff's Office, was deposed prior to the hearing and her deposition was made a part of the record. . . . Ms. Barron also testified at the hearing on RBS Citizen's petition . . .

On August 18, 2015, the Sheriff issued two checks to Shapiro & DeNardo, one in the amount of $23,722.52 as sale proceeds and the other in the amount of $2,000 as a refund of escrow. On September 4, 2015, the Sheriff issued an additional check to Shapiro & DeNardo in the amount of $2,300 as additional sale proceeds. On September 11, 2015, all three checks cleared the account on which they were drawn.

On August 21, 2015, the Sheriff issued a deed transferring the Property to [Kennett Square]. The deed was recorded on September 2, 2015.

[Kennett Square] began clean out work at the Property after receiving the Schedule. Later, after the deed was received, [Kennett Square] began design work, pulling permits, and construction. [Kennett Square] hired subcontractors to work at the Property. [Kennett Square] invested $280,000 in the Property, in addition to the purchase price.

On December 7, 2015, RBS Citizens filed a petition to set aside the sheriff's sale and strike the deed based on the Sheriff's failure to comply with [Pennsylvania Rule of Civil Procedure] 3136. [Kennett Square] first learned of RBS Citizen's claim when served with the petition. Some work at the Property was completed after the petition was received. At the time [of] the hearing on the petition in May 2016, the Property was ready for sale.

[Kennett Square] responded to the petition by seeking to intervene and answering. The parties completed discovery and attended a hearing on May 6, 2016. We entered an order May 16, 2016 denying RBS Citizens any relief . . .

Trial Ct. Op., 7/27/16, at 1-3 (citations omitted). RBS Citizens timely appealed to this Court on June 15, 2016.

RBS Citizens raises four issues on appeal:

1. Whether the trial court erred in denying [RBS Citizens'] Motion to Set Aside the Sheriff's Sale, where the Sheriff's Office admitted it failed to comply with Pa. R.C.P. 3136(a), depriving [RBS Citizens] of $44,000.00 in proceeds from the Sheriff's Sale?

2. Whether the trial court erred in denying [RBS Citizens'] Motion to Set Aside the Sheriff's Sale, where the Sheriff's Office failed to comply with Pa. R.C.P. 3136(b)?

3. Whether the trial court erred in denying [RBS Citizens'] Motion to Set Aside the Sheriff's Sale, where the Sheriff's Office failed to comply with Pa. R.C.P. 3136(c)?

4. Whether the trial court erred in denying [RBS Citizens'] Motion to Set Aside the Sheriff's Sale, where the petition was timely filed in accordance with 42 Pa.C.S. §5522(b)(5)?

RBS Citizens' Br. at 4 (suggested answers omitted).

RBS Cititzens' petition to set aside the sheriff's sale relied on Pennsylvania Rule of Civil Procedure 3183, which governs petitions to stay or set aside a writ of execution. Pet. to Set Aside Sheriff's Sale, 12/7/15, ¶ 12; *see* Pa.R.C.P. 3183. The petition does not cite Pennsylvania Rule of Civil Procedure 3132, which governs petitions to set aside a sheriff's sale. **See** Pa.R.C.P. 3132. Although RBS Citizens did not cite Rule 3132, the trial court analyzed the petition under Rule 3132 and concluded that RBS Citizens could not obtain relief because its petition was filed after the Sheriff transferred the deed to Kennett Square.[1] Trial Ct. Op., 7/27/16, at 6. We agree.

Rule 3132 governs petitions to set aside a sheriff's sale:

> Upon petition of any party in interest before delivery of the personal property or of the sheriff's deed to real property, the court may, upon proper cause shown, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances.

Pa.R.C.P. 3132. It is well settled that absent fraud or a lack of authority to make the sale, "a petition to set aside a sheriff's sale may only be granted

---

[1] We note that the trial court also analyzed whether RBS Citizens was entitled to relief pursuant to Rule 3183. As the trial court properly concluded, Rule 3183 was inapplicable here because RBS Citizens sought relief from a judgment entered in its favor and the sheriff's sale had already occurred. Trial Ct. Op., 7/27/16, at 4 (citing **Workingmen's Sav. & Loan Ass'n of Dellwood Corp. v. Kestner**, 652 A.2d 327, 328 (Pa.Super. 1994) ("The proper procedure to contest a sheriff's sale is by petition, before delivery of the sheriff's deed, under Pa.R.C.P. 3132.")); **see also** 15 West's Pa. Prac., Mortgages (3d ed.) § 5.4 ("[Pa.R.C.P.] 3181(h), incorporating Rule 3132 . . ., provides the sole grounds for relief after the sale has been made.").

when the petition is filed before the sheriff's delivery of the deed." ***First Union Nat'l Bank v. Estate of Shevlin***, 897 A.2d 1241, 1246 (Pa.Super. 2006) (quoting ***Deutsche Bank Nat'l Co. v. Butler***, 868 A.2d 574, 578 (Pa.Super. 2005)).  RBS Citizens filed its petition to set aside the sale on December 7, 2015, three months after the deed was recorded.  The petition did not allege fraud or a lack of authority to make the sale.  Under these circumstances, RBS Citizens' petition to set aside the sheriff's sale was time-barred,[2] and the trial court correctly denied relief.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/23/2017

_____

[2] Alternatively, RBS Citizens argues that its petition was timely pursuant to 42 Pa.C.S. § 5522(b)(5), which provides a six-month statute of limitations on actions to set aside a judicial sale of property.  However, this argument is meritless because Rule 3132 specifically provides that the petition to set aside a sheriff's sale must be filed before delivery of the sheriff's deed; section 5522(b)(5) merely sets a general time limit on filing a challenge to a judicial sale.  Because RBS Citizens failed to file its petition before the sheriff delivered the deed to Kennett Square, its petition was time-barred, regardless of the statute of limitations.