J-A21026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CITIZENS BANK, N.A. F/K/A RBS CITIZENS, N.A. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 1161 EDA 2018 |
| PIERRE A. MYRTHIL | : | |

Appeal from the Order Entered March 12, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  151103229

BEFORE:  BOWES, J., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                     **FILED OCTOBER 22, 2019**

Appellant, Citizens Bank, N.A., appeals from the order entered March 12, 2018, granting Pierre Myrthil's ("Myrthil") motion for reconsideration to set aside a sheriff's sale.  We affirm.

The trial court set forth the relevant factual and procedural background of this matter as follows:

> On November 20, 2015, [Appellant] commenced a mortgage foreclosure action against [Myrthil] to recover delinquent payments due under a note and mortgage secured [by a property located along Crystal Street in Philadelphia, Pennsylvania ("Property")].
>
> On December 4, 2015, Thomas Kenny, a process server for [Appellant], attempted to serve [Myrthil] by handing the complaint to an unidentified adult at the Property who refused to provide his name or details of any relationship with [Myrthil].  No further attempts were made to serve [Myrthil] the mortgage foreclosure complaint and [Appellant] did not move for a special order directing alternative service.

On November 20, 2015, the [trial court] entered a case management order scheduling a case conciliation conference for March 31, 2016. [Myrthil] did not appear at the conference and, on April 1, 2016, the Honorable Rosalyn K. Robinson entered an order allowing [Appellant] to seek a default judgment. [On April 11, 2016,] [t]he Office of Judicial Records entered a default judgment against [Myrthil] upon the praecipe of [Appellant].

On October 13, 2016, the Office of Judicial Records, on [Appellant's] praecipe, issued a writ of execution directing the Philadelphia Sheriff to sell the Property to satisfy the judgment. The sale was continued and/or stayed several times pending the outcome of a bankruptcy action filed by [Myrthil] in the United States District Court for the Eastern District of Pennsylvania.

[Myrthil] named his wife as a non-filing debtor in his bankruptcy petition. She lived at the Property with [Myrthil] and their three children since 2010. [Appellant] appeared in the bankruptcy action to file a proof of claim.

On June 23, 2017, the United States District Court dismissed [Myrthil's] bankruptcy petition. [On July 19, 2017] [t]he Office of Judicial Records, on [Appellant's] praecipe, issued another writ of execution directing the sale of the Property.

Gregory Javardian, a lawyer for [Appellant,] filed a Rule 3129.1 affidavit in which he stated that notice of the sheriff's sale was mailed to all parties with an interest in the Property. [Myrthil's wife] was not listed [by name] in the affidavit. [Appellant] admitted that it made no effort to [personally] serve [her] with notice of the sheriff's sale. [Myrthil] received notice of the sale on August 5, 2017.

Trial Court Opinion, 11/30/18, at 1-3 (internal citations and footnote omitted).

The Property was sold by the Philadelphia Sheriff back to Appellant on November 7, 2017. *Id.* On November 20, 2017, Myrthil moved to set aside the sheriff's sale, claiming that Appellant failed to provide adequate notice to

him and his wife, who had an unrecorded interest in the property.[1] Myrthil's Motion to Set Aside Sheriff's Sale, 11/20/17, at 1-4. The trial court denied Myrthil's motion on January 22, 2018. Trial Court's Order, 1/22/18, at 1. In the interim, on January 8, 2018, Appellant recorded the sheriff's deed in the Philadelphia Recorder of Deeds Office. Appellant's Brief at 6. Subsequently, Myrthil filed a motion for reconsideration on February 2, 2018. Myrthil's Motion for Reconsideration, 2/2/18, at 1-3. On February 7, 2018, the trial court granted Myrthil's motion and vacated its January 22, 2018 order. Trial Court Order, 2/7/18, at 1. The trial court held a hearing on March 12, 2018, and ultimately set aside the sheriff's sale of the Property. Trial Court Order, 3/12/18, at 1. This timely appeal followed.[2]

Appellant raises the following issues on appeal:

I. Whether the trial court [] had jurisdiction to grant [Myrthil's] motion for reconsideration after [the] sheriff's deed was already recorded?

II. In the alternative, whether the trial court committed an error of law or abused its discretion in granting a petition to set aside [the] sheriff's sale when [Myrthil] has not proven grounds to do so?

Appellant's Brief at 4.

_____

[1] Because Myrthil raised the issue of his wife's lack of notice in his motion to set aside the sheriff's sale, we reject Appellant's argument that this issue was waived. **See** Myrthil's Motion to Set Aside Sheriff's Sale, 11/20/17, at 1-4; **see also** Appellant's Brief at 10.

[2] Appellant filed a notice of appeal on April 6, 2018. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on November 30, 2018.

In its first issue, Appellant contends that the trial court lacked "jurisdiction to reconsider [Myrthil's] petition to set aside the sheriff sale pursuant to Pa.R.C.P. 3132." *Id.* at 10. Per Appellant, the fact that the sheriff's deed was recorded before the trial court granted Myrthil's motion for reconsideration deprived it of jurisdiction. *Id.* at 11. We reject this claim.

At the outset, we note that the case law utilized by Appellant does not support its conclusion that a trial court lacks jurisdiction to grant a motion for reconsideration after the original motion to set aside a sheriff's sale was timely filed. *See* Pa.R.C.P. 3132, 3135(a) (explaining that a challenge to a sheriff's sale must be made prior to delivery of the deed). In fact, all of the cases cited by Appellant simply state that a motion to set aside a sheriff's sale must be filed before the deed is recorded. *See Concord Liberty Sav. and Loan Ass'n v. NTC Properties*, 312 A.2d 4 (Pa. 1973); *Mortg. Elec. Registration Sys. v. Ralich*, 982 A.2d 77 (Pa. Super. 2009); *Workingmen's Sav. and Loan Ass'n of Dellwood Corp. v. Kestner*, 652 A.2d 327 (Pa. Super. 1994). Herein, Myrthil complied with both Rule 3132 and 3135. Indeed, Myrthil filed a timely motion to set aside the sheriff's sale on November 20, 2017. Myrthil's Motion to Set Aside Sheriff's Sale, 11/20/17, at 1-4. The sheriff's deed was not recorded until January 8, 2018. Appellant's Brief at 6. Accordingly, Appellant's reliance on the above-mentioned case law is erroneous.

Moreover, Myrthil's motion for reconsideration was timely under Section 5505 of the Judicial Code. *See* 42 Pa.C.S. § 5505 ("a court upon notice to the parties may modify or rescind any order within 30 days after its entry,

- 4 -

notwithstanding the prior termination of any terms of court, if no appeal from such order has been taken or allowed"). Here, the trial court granted Myrthil's motion for reconsideration within 30 days of its original order. Specifically, Myrthil moved to reconsider the January 22, 2018 order on February 2, 2018, and the trial court granted Myrthil's motion on February 7, 2018. Accordingly, Appellant's argument that the recording of the sheriff's deed deprived the trial court of jurisdiction is contrary to the recognized "inherent power" a court has "to reconsider its own rulings." ***Hutchison by Hutchison v. Luddy***, 611 A.2d 1280 (Pa. Super. 1992). As such, Appellant's claim that the trial court lacked jurisdiction is meritless.

Next, Appellant argues that the trial court abused its discretion by setting aside the sheriff sale for Myrthil's Property. Appellant's Brief at 12. Specifically, Appellant contends that Myrthil failed to prove that his wife possessed an unrecorded interest in the Property and that Appellant had knowledge of such interest. ***Id.*** at 20-22. In addition, Appellant argues that it provided adequate notice to Myrthil's wife by sending "a [Rule] 3129 notice addressed to [the] tenant/occupants at the [P]roperty address." ***Id***. at 21. We disagree.

"The decision to set aside a sheriff's sale is within the sound discretion of the trial court, and the court's decision will not be reversed on appeal unless there is a clear abuse of such discretion." ***Merrill Lynch Mortg. Capital v. Steele***, 859 A.2d 788, 791 (Pa. 2004).

Pursuant to Rule 3132, a court may set aside a sheriff's sale "upon proper cause." Pa.R.C.P. 3132. Thus, the "relevant inquiry" is "whether proper cause has been shown." ***Irwin Union Nat'l Bank & Trust Co. v. Famous***, 4 A.3d 1099, 1022 (Pa. Super. 2010). "Sheriff's sales have been set aside where the validity of the sale proceeding is challenged, a deficiency pertaining to the notice of the sale exists, or where misconduct occurs in the bidding process." ***Id.*** Thus, failure to give adequate notice constitutes proper cause for setting aside a sheriff sale.

Under Rule 3129.1, before a sale may occur, a plaintiff must file an affidavit listing all parties with an interest in the property. Pa.R.C.P. 3129.1(a). Specifically, in the affidavit, a plaintiff must, to the best of its knowledge, list the names and addresses of following persons/entities:

> (1) the owner or reputed owner of the real property and of the defendant in the judgment; and
>
> (2) every other person who has any record lien on that property; and
>
> (3) every other person who has any record interest in that property which may be affected by the sale; and
>
> (4) every other person who has any interest in that property not of record which may be affected by the sale and of which the plaintiff has knowledge.

Pa.R.C.P. 3129.1(b)(1)-(4). Thereafter, each interested party listed by name under Rule 3129.1(b) must be served with notice of the sale. Pa.R.C.P. 3129.2. In relevant part, Rule 3129.2 specifies the required notice as follows:

**Rule 3129.2. Notice of Sale. Handbills. Written Notice. Publication**

- 6 -

(a) Notice of the sale of real property shall be given by handbills as provided by subdivision (b), by written notice as provided by subdivision (c) to all persons whose names and addresses are set forth in the affidavit required by Rule 3129.1, and by publication as provided by subdivision (d).

(b) The handbills shall be posted by the sheriff in the sheriff's office and upon the property at least thirty days before the sale, and shall include

(1) a brief description of the property to be sold, its location, any improvements, the judgment of the court on which the sale is being held, the name of the owner or reputed owner, and the time and place of sale, and

(2) a notice directed to all parties in interest and claimants that a schedule of distribution will be filed by the sheriff on a date specified by the sheriff not later than thirty days after the sale and that distribution will be made in accordance with the schedule unless exceptions are filed thereto within ten days after the filing of the schedule.

(c) The written notice shall be prepared by the plaintiff, shall contain the same information as the handbills or may consist of the handbill and shall be served at least thirty days before the sale on all persons whose names and addresses are set forth in the affidavit required by Rule 3129.1.

(1) Service of the notice shall be made

(i) upon a defendant in the judgment who has not entered an appearance and upon the owner of the property.

(A) by the sheriff or by a competent adult in the manner prescribed by Rule 402(a)[2] for the service of original process upon a defendant....

...

(d) Notice containing the information required by subdivision (b) shall also be given by publication by the sheriff once a week for three successive weeks in one newspaper of general circulation in the county and in the legal publication, if any, designated by rule of court for publication of notices, the first publication to be made not less than twenty-one days before the date of sale. No additional publication shall be required.

Pa.R.C.P. 3129.2.

In this case, we conclude that the trial court did not abuse its discretion in finding that Myrthil's wife possessed an unrecorded interest in the Property and that Appellant had knowledge of her interest. On March 12, 2018, the trial court held a hearing to reconsider its January 22, 2018 order. Trial Court Opinion, 11/30/18, at 1. At the hearing, Myrthil testified that his wife and three children lived with him at the Property. N.T. Hearing, 3/12/18, at 16. Thus, his wife possessed an unrecorded interest in the Property by virtue of her occupancy.[3] ***See In re Graves***, 33 F.3d 242 (3d Cir. Ct. 1994).

In addition, testimony revealed that within Myrthil's bankruptcy petition, he listed his wife as a non-filing debtor, and included "her income and her pay stubs." ***Id.*** at 29. Appellant, significantly, appeared in Myrthil's bankruptcy petition to file a proof of claim. ***Id***. Based upon this testimony, the trial court could reasonably infer that Appellant knew that the wife lived with Myrthil and as such, had an unrecorded interest in the Property. ***Id***. Accordingly, Appellant was required to list the wife by name and address as an interested party in its Rule 3129.1 affidavit and personally serve her with notice of the sale. ***See*** Pa.R.C.P. 3129.1(a) and Pa.R.C.P. 3129.2. Appellant, however, failed to do so. Indeed, Appellant did not list the wife by name in its affidavit

---

[3] In its brief, Appellant argues that Myrthil failed to prove that his wife possessed an unrecorded martial interest in the Property. ***See*** Appellant's Brief at 18-20. This is irrelevant. During the March 12, 2018 hearing, Myrthil established that his wife's interest was based upon her status as an occupant. ***See*** N.T. Hearing, 3/12/18, at 16 and 38.

of service. Affidavit of Service, 8/3/17, at 1-5. Furthermore, while Appellant served a general notice to "all tenants/occupants of the Property," it failed to personally serve Myrthil's wife. *See* N.T. Hearing, 3/12/18, at 35-38. Therefore, as Appellant did not comply with the affidavit and notice requirements set forth in Rules 3129.1 and 3129.2, the trial court did not err or abuse its discretion by setting aside the sheriff sale.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/19