

1999 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-2-1999

# Taylor v. Slick

Precedential or Non-Precedential:

Docket 98-3341

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1999

Recommended Citation

"Taylor v. Slick" (1999). *1999 Decisions.* Paper 148.
http://digitalcommons.law.villanova.edu/thirdcircuit_1999/148

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1999 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed June 2, 1999

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 98-3341

HARVEY TAYLOR,

        Appellant

v.

THOMAS MCCUNE SLICK, individually and as Executor of
the ESTATE OF DOROTHY M. BALLANTINE, Deceased

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 97-cv-02085)
District Judge: Hon. Donald J. Lee

Argued: May 5, 1999

Before: STAPLETON, LEWIS and ALDISERT,
Circuit Judges,

(Filed June 2, 1999)

        Robert O. Lampl
        John P. Lacher (argued)
        960 Penn Avenue, Suite 1200
        Pittsburgh, PA 15222

         ATTORNEYS FOR APPELLANT

        Terence O'Halloran (argued)
        15 East Otterman Street
        Greensburg, PA 15601

         ATTORNEY FOR APPELLEE

OPINION OF THE COURT

ALDISERT, Circuit Judge.

We are to determine whether the continuation of a
sheriff 's sale, following the filing of a bankruptcy petition,
violates the automatic stay provisions of 11 U.S.C.S 362(a),
and whether a Pennsylvania rule of civil procedure that
permits oral notice of the continuation and rescheduled
sale date is sufficient to protect a debtor's due process
rights. The bankruptcy court held that the postponement of
the sale of property owned by the debtor, Harvey Taylor, did
not violate S 362(a) and that Taylor's due process rights had
not been violated by a subsequent sheriff 's sale. The
district court dismissed Taylor's appeal. We will affirm.

I.

Taylor and his wife purchased 20 acres of land in
Westmoreland County from Martha Ballantine for
$72,450.00. A note and mortgage were executed on
December 16, 1981, with the entire purchase price to be
paid by September 18, 1982. Thomas McCune Slick, as
Ballantine's executor, instituted foreclosure proceedings in
1989 because Taylor had defaulted on the mortgage.

Several unsuccessful attempts were made to effectuate
personal service of the complaint in mortgage foreclosure.
An order was entered, on August 31, 1990, permitting Slick
to make substitute service on Taylor by certified and
regular mail and by posting the property. The order further
stated:

> Should this case proceed to execution and sale, this
> Order for Service shall apply to the Notice pursuant to
> Rule 3129 [of the Pennsylvania Rules of Civil
> Procedure] which is required to be served upon
> [Taylor], allowing perfection of service in the same
> manner as provided for herein. [Slick] ha[s] conducted
> a reasonable search for [Taylor] but ha[s] been unable
> to further locate [him] beyond [his] residence in
> McKeesport, Pennsylvania. The manner of service

provided for herein is the most reasonably likely
method of achieving service in this case.

App. at 176a. The sheriff served the notice and complaint
in accordance with this order. A default judgment was
entered against Taylor on October 24, 1990, in the amount
of $43,863.61. A Writ of Execution in Mortgage Foreclosure
was issued and served by certified and regular mail and
posted on the property. The Writ was stayed and reissued
on several occasions, as a result of agreements between the
parties that Taylor would make payment. Taylor made only
sporadic payments from 1990 through 1994.

Taylor filed a Chapter 13 bankruptcy petition on
February 3, 1995. The petition was dismissed on February
22 for failure to file required documents. Slick filed another
Writ of Execution on May 31, 1995, in accordance with the
requirements of the August 31, 1990 order and Taylor
received notice of the filing of the writ.

A sheriff's sale was scheduled for September 5, 1995,
but on September 1, 1995, Taylor filed a Chapter 11
bankruptcy petition. By oral public announcement at the
time and location of the proposed sheriff's sale, the sale
was continued to October 23, 1995, in accordance with
Rule 3129.3(b), Pennsylvania Rules of Civil Procedure,
which states:

> If the sale is stayed, continued, postponed or
> adjourned to a date certain within one hundred days of
> the scheduled sale, and public announcement thereof,
> including the new date, is made to the bidders
> assembled at the time and place originally fixed for the
> sale, no new notice shall be required, but there may be
> only one such stay, continuance, postponement or
> adjournment without new notice.

On October 17, 1995, Slick sought relief from the
automatic stay of the sale. Although Taylor received notice
of Slick's motion for relief which did not state that the sale
was scheduled for October 23, he did not respond or attend
the hearing before the bankruptcy court. Slick obtained
relief from the stay, and the sale took place as scheduled.
Slick was the high bidder for the property. The sheriff's
deed was executed on January 16, 1996, and recorded the

3

following day. Taylor's bankruptcy petition was dismissed on December 21, 1995, reopened and reinstated nunc pro tunc on January 8, 1996, and dismissed again on July 9, 1996.

Taylor filed an adversary complaint in the bankruptcy court on December 31, 1996, and contended, inter alia, that the continuance of the sheriff's sale, after he had filed his bankruptcy petition, violated 11 U.S.C. S 362(a)(1) and therefore voided the sale, and that the subsequent sale was conducted without proper notice, in violation of his due process rights.

The bankruptcy court granted Slick's motion to dismiss the adversary complaint on the basis that there had been no violation of the automatic stay rule set forth in 11 U.S.C. S 362(a)(1), and that Appellant had received adequate notice under bankruptcy rules and Pennsylvania law. Appellant withdrew his remaining claims in order to appeal the issues presented here. After oral argument, the district court dismissed Appellant's appeal.

We have jurisdiction pursuant to 28 U.S.C. S 1291 and 28 U.S.C. S 158(d). We review the bankruptcy court's factual findings for clear error, but conduct plenary review of the bankruptcy court's and district court's legal conclusions. In re Cohen, 106 F.3d 52, 55 (3d Cir. 1997).

II.

This court has not previously addressed whether the postponement or continuation of a sheriff's sale violates the automatic stay provisions of 11 U.S.C. S 362(a). We are persuaded by a consistent line of cases from other courts, however, and hold that the continuance of a sheriff's sale in accordance with state law procedure during the pendency of an automatic stay does not violate S 362(a)(1). See, e.g., In re Peters, 101 F.3d 618 (9th Cir. 1996); In re Roach, 660 F.2d 1316 (9th Cir. 1981); In re Fritz, 225 B.R. 218 (E.D. Wash. 1997); Zeoli v. RIHT Mortgage Corp., 148 B.R. 698 (D.N.H. 1993); In re Tome, 113 B.R. 626 (Bankr. C.D. Cal. 1990); Workingmen's Savings and Loan Ass'n of Dellwood Corp. v. Kestner, 652 A.2d 327 (Pa. Super. Ct. 1994); see also In re Roche, 228 B.R. 102, 103-104 (Bankr.

4

M.D. Pa. 1998) ("[E]very court that has studied this specific issue (and has not been reversed) has found no violation.").

In relevant part, 11 U.S.C. S 362(a)(1) provides:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302 or 303 of this title . . . operates as a stay applicable to all entities, of --
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the Debtor that was or could have been commenced before the commencement of the case.

11 U.S.C. S 362(a)(1) (emphasis added). "The primary purposes of the automatic stay provisions are to effectively stop all creditor collection efforts, stop all harassment of a debtor seeking relief, and to maintain the status quo between the debtor and [his] creditors, thereby affording the parties and the Court an opportunity to appropriately resolve competing economic interests in an orderly and effective way." Zeoli, 148 B.R. at 700 (emphasis added). We must therefore decide whether a continuation of a sheriff's sale serves to maintain the status quo between the debtor and his creditors or whether it constitutes "a judicial, administrative, or other action or proceeding" prohibited by S 362(a)(1).

According to the principle of noscitur a sociis, the word "continuation," as used in S 362(a)(1), must be read in conjunction with other words that surround it, such as "commencement." Upon such examination, it becomes apparent that the filing of a bankruptcy petition prohibits the beginning ("commencement") of a judicial proceeding and the carrying forward ("continuation") of a proceeding that has already begun.

The "continuation" of a sheriff's sale, on the other hand, connotes the postponement of a proceeding, and effectuates the purposes of S 362(a)(1) by preserving the status quo until the bankruptcy process is completed or until the creditor obtains relief from the automatic stay. See Workingmen's Savings, 652 A.2d at 328 ("Postponement

5

notices which specify a new sale date merely preserve the status quo between creditor and debtor."); see also Zeoli, 148 B.R. at 701 ("The postponement of a foreclosure sale is certainly an `act.' But it is not an act in `continuation' of a proceeding `against the debtor' prohibited by S 362(a)(1). Rather, it is more appropriately characterized as an act in preservation of a stayed proceeding."). A postponement notice does not, by itself, permit the rescheduled sheriff's sale to occur. So long as the bankruptcy petition is pending before the bankruptcy court, a creditor must apply for and obtain relief from the stay before it can proceed with the sale on the date certain. Rule 3129.3(b), Pennsylvania Rules of Civil Procedure, preserves the status quo and permits the creditor to avoid duplicative foreclosure costs that would eventually be deducted from the proceeds of the sale (to the disadvantage of the debtor). See Zeoli, 148 B.R. at 701. It is therefore clear that Rule 3129.3(b) comports with S 362(a)(1).

Once Taylor filed his bankruptcy petition here, the sale was postponed. Although a new proposed sale date was announced, no act had occurred that prejudiced Taylor or otherwise altered his position with respect to the property. In accordance with the Bankruptcy Code, Slick then sought relief from the stay and served notice on Taylor. Taylor did not respond to the motion for relief, and relief was granted Slick pursuant to 11 U.S.C. S 362(d).1 Upon receiving relief from the stay, Slick was permitted to proceed with the sheriff's sale so long as notice requirements had been met. The bankruptcy court properly rejected Taylor's argument that the continuation of the sheriff's sale violated S 362(a)(1).

III.

Taylor's argument that Pennsylvania Rule 3129.3(b)
_____

1. In relevant part, S 362(d) states:

    (d) On request of a party in interest and after notice and a
hearing,
    the court shall grant relief from the stay provided under
subsection
    (a) of this section, such as by terminating, annulling, modifying,
or
    conditioning such stay-- . . . .

6

violates the Due Process Clause likewise fails. To be sure, Taylor is entitled to due process with respect to the sheriff's sale of his property, see First Eastern Bank v. The Campstead, Inc., 637 A.2d 1364, 1366 (Pa. Super. Ct. 1994) (mortgage foreclosures are subject to due process requirements), but Taylor exaggerates the process he is due under the Constitution. Because Taylor is not entitled to individualized written notice of the rescheduled sale, and because proper notice was provided pursuant to Rule 3129.3(b), we will affirm the judgment of the district court.

" `[A]dequate notice detailing the reasons for a proposed termination' of a constitutionally protected liberty or property interest must be afforded to individuals prior to the deprivation." Sullivan v. Barnett, 139 F.3d 158, 172 (3d Cir. 1998), rev'd on other grounds sub nom. American Manufacturers Mut. Ins. Co. v. Sullivan, 119 S. Ct. 977 (1999) (quoting Goldberg v. Kelly, 397 U.S. 254, 267–268 (1970)). To satisfy due process requirements, the notice provided must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950); see also Chemetron Corp. v. Jones, 72 F.3d 341, 346 (3d Cir. 1995); First Eastern Bank, 637 A.2d at 1366. The level of notice to be given, however, depends on the interest at issue because "due process is flexible and calls for such procedural protections as the particular situation demands." Morrissey v. Brewer, 408 U.S. 471, 481 (1972).

Taylor concedes that he received notice of the original sale and states that he voluntarily chose not to attend the September 5, 1995 sale in reliance on the bankruptcy petition he had filed four days earlier. His decision not to attend the original sale in which notice was given in accordance with Rule 3129.3(b), however, does not amount to a violation of due process.

We hold that the notice requirement contained in Rule 3129.3(b) is reasonably calculated to reach interested parties to a sheriff's sale. The interested parties are the debtor, the creditor and the potential bidders for the property. In light of the Pennsylvania Superior Court's

7

teachings in Workingmen's Savings, supra, it is reasonable to expect that notice of a continuation of a sale will be announced at the scheduled sale date--because potential bidders will likely be unaware that the debtor hasfiled a bankruptcy petition--but it is not reasonable for a debtor to choose not to attend the scheduled sale simply because he knows that the sale will not be consummated at that time because of his ex parte intervention in the bankruptcy court. Because it can be expected that the debtor, the creditor and potential bidders will attend the sale, oral notice as provided by Rule 3129.3(b) comports with notions of due process.

Although one in Taylor's position is entitled to believe that the sheriff's sale will not be consummated on the original date, he is not entitled to believe that no sale will occur until his bankruptcy petition has been adjudicated. Not only does the oral notice of the date of the rescheduled sale comport with due process, but the debtor's rights are further protected by the requirements that he receive notice both of the hearing on the motion for relief from the automatic stay and of the subsequently entered order lifting the stay. Those two notices serve to further alert the debtor to the fact that the executing creditor is attempting to effectuate the sheriff's sale without further delay and expense. Taylor, however, chose to lie doggo. He chose to ignore the motion to lift the stay, the hearing held before the bankruptcy court and the order lifting the stay. [2] He chose not to utilize the courts of Pennsylvania to challenge the sale. He took no action to contest the legitimacy of the October 23, 1995 sale until a year and two months later when he filed his complaint in the bankruptcy court on December 31, 1996. Taylor's studied attempts to remain elusive throughout the foreclosure process may not serve as a basis for a ruling that he suffered a deprivation of his right to due process.

_____

2. Taylor argues in his complaint that he did not receive notice of the hearing on the motion to lift the stay. The district court deemed him to have received notice based upon the presumption that arises from the mailing of a properly addressed notice, and Taylor does not challenge this ruling before us. Moreover, Taylor does not allege that he failed to receive notice of the order lifting the stay.

8

Taylor's conduct aside, the Pennsylvania rule must be evaluated in conjunction with the purpose of the notice requirement in the context of a sheriff's sale. The continuation of a sheriff's sale and public announcement of a new date are intended to assure notice to bidders interested in the subject property. See, e.g., Greater Pittsburgh Business Development Corp. v. Braunstein, 568 A.2d 1261, 1265 (Pa. Super. Ct. 1990). The debtor's true interest is to ensure that notice is given to potential bidders, rather than to ensure that the debtor receives notice, because the debtor is generally just a spectator who is concerned that the sale, whenever it may occur, brings the highest sale price possible. See id.; Investors & Lenders Ltd. v. Finnegan, 592 A.2d 1244, 1248 (N.J. Super. Ct. Ch. Div. 1991). Rule 3129.3(b) strikes a proper balance between providing notice to interested parties and allowing the creditor to avoid paying duplicative fees.

Here, Taylor suffered no constitutional disadvantage as a result of his voluntary absence from the originally scheduled sale. For him to contend now that he was prejudiced by his failure to receive notice of the new sale date when it was given is truly disingenuous. Taylor has not contended that he was deprived of the ability to bid on the property, nor has he established that the notice given resulted in the property being sold at too low a price because bidders were not aware of the continued sale date. Even were he to present such a contention, it would necessarily fail on the facts presented here. See, e.g., Workingmen's Savings, 652 A.2d at 329 ("Because the sheriff's sale was properly held on due notice, appellants were not improperly denied an opportunity to cure their default. The opportunity to cure their default was lost by [appellants'] failure to tender the amount necessary to reinstate the mortgage and not because of any defect in the foreclosure proceedings."). Taylor had several opportunities, before filing his adversary complaint, to contest the validity of the sale. See Roche, 228 B.R. at 105 ("Even should there have been some injustice by reason of the circumstances of the sale, nothing prevented raising this issue before the county court under Pa.R.C.P. 3132, once the Debtors became aware of the sale."). He chose not to avail himself

9

of these opportunities, and as a result, we conclude that he cannot prevail in his due process claim.

The judgment of the district court will be affirmed.

A True Copy:
Teste:

Clerk of the United States Court of Appeals
for the Third Circuit

10