

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-24-2003

# In Re Parcel

Precedential or Non-Precedential: Non-Precedential

Docket 01-1840

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"In Re Parcel " (2003). *2003 Decisions.* Paper 793.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/793

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

NO. 01-1840

———————

IN RE:  PARCEL CONSULTANTS, INC.;
NATIONAL TELE-COMMUNICATIONS, INC.;
MINIMUM RATE PRICING, INC.,

Debtors

OAN SERVICES, INC.,

Appellant

v.

OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF NATIONAL
TELECOMMUNICATIONS, INC.; MINIMUM RATE PRICING, INC.

———————

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civil Action No. 00-cv-03310)
District Judge:  Honorable Alfred J. Lechner, Jr.

———————

Argued December 13, 2002

BEFORE:  FUENTES and STAPLETON, Circuit Judges,
and O'KELLEY,* District Judge

(Opinion Filed: February 24, 2003)

————————————————————————————————

*Honorable William C. O'Kelley, United States District Judge for the District of Northern
Georgia, sitting by designation.

David C. Albalah (Argued)

McDermott, Will & Emery
50 Rockefeller Plaza
New York, NY  10020-1605
  Attorney for Appellant

Warren J. Martin, Jr. (Argued)
J. Alex Kress
Terri J. Freedman
Riker, Danzig, Scherer, Hyland & Perretti
One Speedwell Avenue
Headquarters Plaza
Morristown, NJ  07962
  Attorneys for Appellee

---

OPINION

---

STATPLETON, <u>Circuit Judge</u>:

I.

OAN Services, Inc. ("OAN"), appeals the decision of the United States District Court for the District of New Jersey affirming a Bankruptcy Court's ruling denying OAN's motion to dismiss.

Minimum Rate Pricing, Inc., Parcel Consultants, Inc., and National Telecommunications, Inc., filed for reorganization pursuant to Chapter 11 of the Bankruptcy Code.  The United States Trustee held an organizational meeting on March 15, 1999, and the membership of an official committee of unsecured creditors ("the Committee") was selected.  On that date, a law firm was also selected to represent the Committee.  On March 19, 1999, the Trustee issued a document entitled "Appointment of

2

Unsecured Creditors' Committee" ("the Appointment Document"). App. 38-39.

Underneath the signature line of the document, it states, "[a]s of March 19, 1999." App. 39.

On March 25, 1999, the document was filed with the Bankruptcy Court. Afterwards, the

Committee applied to the Bankruptcy Court to officially retain its selected counsel.

Counsel for the Committee drafted an order which stated that the counsel's retention was

"hereby approved retroactive to March 15, 1999, the date of the Committee's formation."

App. 41. Later, the selected counsel applied to the Bankruptcy Court for an award of

compensation. The Committee, on the cover page of its application, stated that "[o]n March

15, 1999, the Office of the U.S. Trustee appointed the Official Committee of Unsecured

Creditors ...." App. 42.

OAN, together with other creditors of the bankrupt parties, including the

Committee, negotiated a "Stipulated Cash Collateral Order" ("the Stipulated Order") with

the bankrupt parties, which was so ordered by the Bankruptcy Court. The Stipulated Order

included a provision setting a deadline for challenging security interests. It states:

> The Committee and the Secured Creditors shall have the exclusive right to
> challenge, avoid, limit, or otherwise object to any or all of the Secured Creditors'
> security interests in the Prepetition and/or Postpetition Collateral, which right may
> only be exercised by the Committee if the Committee files a complaint to do so
> within ninety (90) days from the appointment of the Committee. Any claims by the
> Committee not filed within the foregoing time frame shall be forever barred.

App. 66-67.

The Committee filed a complaint against OAN on June 17, 1999, asserting claims

for fraudulent transfers, breach of contract, and equitable subordination.

3

OAN moved to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. OAN asserted that the complaint was time barred because the Committee had been appointed on March 15, 1999; therefore, the time period for filing suit had ended on June 13, 1999. The Committee argued that the date on which the Trustee filed the Appointment Document should be deemed the appointment date and, thus, that the Committee's action was timely.

The Bankruptcy Court denied the motion to dismiss. It rested its decision on two alternative theories: (1) that March 19 was the date of appointment, and (2) that even if March 15 was the appointment date, the late filing was de minimus and prejudice had not been shown. The parties do not dispute that the opinion considered matters outside of the pleadings.

OAN filed a motion for leave to appeal with the District Court. Instead of granting the motion for leave to appeal and allowing the parties to further brief the case, the District Court affirmed the Bankruptcy Court decision on the merits. The District Court concluded that the Bankruptcy Court has the power to vacate or modify its orders (including consent decrees) "as long as it is equitable to do so." App. 18 (internal quotations omitted). It also found that the late filing was the result of excusable neglect. *Id*. at 26. Finally, the District Court concluded that the Bankruptcy Court's determination that March 19 was the date of appointment was "appropriate." *Id.* at 30.

II.

On appeal, OAN presents the following arguments:

4

(1)  The Bankruptcy Court committed reversible error when it converted OAN's motion to dismiss into a motion for summary judgment without first providing proper notice to the parties.

(2)  The evidence presented by OAN on its motion to dismiss conclusively demonstrates that the Committee's complaint is time-barred.

(3)  The District Court committed reversible error when, on OAN's motion for leave to appeal, the District Court rendered a substantive decision on the merits of OAN's appeal.

III.

A.  The conversion issue

OAN argues that the Bankruptcy Court improperly converted its Rule 12(b)(6) motion to dismiss into a motion for summary judgment by considering matters outside of the pleadings without providing proper notice to the parties.  *See* Fed. R. Civ. P. 12(b). OAN also complains that the conversion deprived it of the opportunity to further develop the record, including its right to take the deposition of the Trustee.  Brief of Appellant at 22.

"Generally, barring exceptional circumstances, like an intervening change in the law or the lack of representation by an attorney, this Court does not review issues raised for the first time at the appellate level."  *Gleason v. Norwest Mortgage, Inc.*, 243 F.3d 130, 142 (3d Cir. 2001).

Federal Rule of Bankruptcy Procedure 8003 requires a party to include in its motion

5

for leave to appeal a statement of the questions to be presented by the appeal. Here, OAN did not raise the conversion issue in its statement of questions to be raised by the appeal, or at any other time before the District Court. Also, OAN stated in its motion for leave to appeal that "[t]he facts are essentially undisputed, but there remains for this Court the controlling question of law: When was the Committee appointed?" App. 273. Because OAN did not raise the conversion issue in District Court, it cannot complain that an improper conversion deprived it of the opportunity to further develop the record – especially when it has already stated that the facts are undisputed. OAN has, therefore, waived the conversion issue.

## B. The date of appointment issue

The Bankruptcy Court properly concluded that the Committee was appointed, at the earliest, on March 19, 1999.

The Bankruptcy Court concluded that, pursuant to 11 U.S.C. § 1102(a), the Appointment Document determined the date of the Committee's appointment for purposes of the Stipulated Order. This is a legal determination reviewable *de novo.*

OAN points to the following facts, *inter alia*, that, it maintains, show that the Committee was appointed on March 15, 1999, and, therefore, the Committee's lawsuit against OAN is time-barred by the Stipulated Order:

(1) On March 15, 1999, the Trustee selected members of the Committee and the Committee's chairperson;

(2) On March 15, 1999, the Committee held its first meeting and retained counsel;

6

(3)  The Bankruptcy Court approved the Committee's retention of counsel, finding that March 15, 1999, was the date of  "the Committee's formation";

(4)  On the cover page of its application for counsel fees, the Committee stated, "[o]n March 15, 1999, the Office of the U.S. Trustee appointed the Official Committee of Unsecured Creditors ....";

(5)  In its application for counsel fees, the Committee stated, "[o]n March 15, 1999, the Office of the United States Trustee conducted a meeting of the Debtors' largest unsecured creditors and it appointed the Committee"; and

(6)  By approving counsel fees dating back to March 15, 1999, the Bankruptcy Court acknowledged that counsel had been retained by an appointed Committee on March 15, 1999.

We agree with both the District Court and the Bankruptcy Court that the document executed by the Trustee appointing the persons to serve as Committee is controlling.  11 U.S.C. § 1002(a)(1) provides, in relevant part, that "as soon as practicable after the order for relief under chapter 11 of this title, the United States trustee shall appoint a committee of creditors holding unsecured claims ...."  As the Bankruptcy Court and District Court concluded, the Trustee is entrusted with the legal authority to appoint a creditors' committee pursuant to 11 U.S.C. § 1102(a).  Here, the Trustee executed and filed with the Bankruptcy Court a document expressly providing that "[p]ursuant to Section 1102(a)(1) of the Bankruptcy Code, I hereby appoint the following persons to the Unsecured Creditors' Committee in connection with the above captioned case:  ...  As of: March 19, 1999."  App.

7

39. The Appointment Document was filed on March 25, 1999. Statements by other parties to the bankruptcy proceeding, other than the Trustee, are not controlling with regard to the appointment date.

OAN argues that 11 U.S.C. § 1103(a) allows only appointed committees to select and authorize the employment of attorneys. It concludes that because counsel was selected on March 15, 1999, the Committee must have been appointed on that date. However, as the Bankruptcy Court noted, the Committee sought approval of the retention of counsel *after* the March 19, 1999, appointment notice. Additionally, any payment of attorneys' fees from March 15 to March 19, as the Bankruptcy Court noted, remains an open question subject to modification by that court. Finally, one member of the appointed Committee was not even present at the initial March 15 meeting.

For these reasons, we find that the Bankruptcy Court was correct in determining that the Committee was appointed, at the earliest, on March 19, 1999. We need not decide whether the Trustee's appointment became effective immediately on March 19, 1999, the date of the Appointment Document's creation, or not until March 25, 1999, the date when those appointments became a matter of record in the proceedings. Under either date, the Committee's action against OAN is not time-barred by the Stipulated Order.

## C. The due process issue

OAN argues that the clear implication of the Federal Rules of Bankruptcy Procedure and the Federal Rules of Appellate Procedure requires the preparation, filing, and service of appellate briefs on all appeals. We have found no statute or rule of procedure imposing

such a requirement.

Although OAN does not label its argument as a procedural due process claim, that is what it appears to be asserting. Due process is flexible and calls for such procedural protections as a particular situation demands. *Taylor v. Slick*, 178 F.3d 698, 703 (3d Cir. 1999). "Adequate notice detailing the reasons for a proposed termination of a constitutionally protected liberty or property interest must be afforded to individuals prior to the deprivation." *Id.* (internal quotations omitted). "To satisfy due process requirements, the notice provided must be reasonably calculated, under all circumstances, to apprize interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* (internal quotations omitted). *See generally In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 278 F.3d 175, 191 (3d Cir. 2002) (stating that before sanctions can be assessed, due process requires notice and an opportunity to be heard).

We need not determine whether the District Court's decision violated due process by deciding issues on the merits that had only been presented in the context of a motion for leave to appeal. Proof of prejudice is a necessary element of a due process claim. *Burkett v. Cunningham*, 826 F.2d 1208, 1221 (3d Cir. 1987). Given that OAN has had a full opportunity to present its argument to us, and given our decision on the issues it raises, it is apparent OAN was not prejudiced by the District Court's failure to allow briefing.

IV.

The judgment of the District Court will be affirmed.

9

TO THE CLERK:

Please file the foregoing not precedential opinion.

/s/ Walter K. Stapleton
Circuit Judge