NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3096
_____

In re: MICHAEL T. BILLINGS & KATHLEEN BILLINGS,

MICHAEL T. BILLINGS; KATHLEEN BILLINGS,
                                        Appellants

v.

PORTNOFF LAW ASSOCIATES, LTD.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-16-cv-00778)
District Judge:  Hon. Mark A. Kearney
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 21, 2017

Before:  AMBRO, JORDAN, and ROTH, *Circuit Judges*.

(Filed April 26, 2017)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

Michael and Kathleen Billings failed to pay municipal fees and consequently faced a foreclosure sale of their home. They declared bankruptcy, which resulted in an automatic stay of the sale of their property. The township they were indebted to filed several motions to postpone the sale while the bankruptcy proceeding continued. The Billingses argue that filing those continuance motions was incompatible with the automatic stay. We disagree and will affirm the District Court's dismissal of their Complaint.

## I.    Background[1]

The Billingses failed to pay about $4,500 in sewer, trash, and hydrant fees to West Bradford Township. Accordingly, the Township obtained a default judgment against them on November 11, 2013, which gave the Township a lien on their home. That same day, the Township filed for a writ of execution based on the lien. It then scheduled a sheriff's sale for April 17, 2014.

A few days before the scheduled sale, on April 11, 2014, the Billingses filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Pennsylvania. Under § 362 of the Bankruptcy Code, the filing of that petition automatically stayed the foreclosure sale. 11 U.S.C. § 362(a)(1). At the time scheduled for the sale, the Township made an oral announcement postponing it, which is permitted

---

[1] When reviewing the decision to grant a motion to dismiss, "we must accept as true all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff." *Bell v. Cheswick Generating Station*, 734 F.3d 188, 193 n.5 (3d Cir. 2013) (citation omitted). Therefore we recite the facts as alleged by the Billingses.

under Pennsylvania Rule of Civil Procedure No. 3129.3(b)(1). Subsequently, on five separate occasions, the Township filed written motions with the Chester County Court of Common Pleas seeking to continue the sheriff's sale. Each of those motions was granted and the date of sale was ultimately extended to November 19, 2015. At no point did the Township request relief from the automatic stay issued by the Bankruptcy Court.

In that Court, the Township filed a proof of claim for approximately $9,500, including attorney fees and costs as well as interest. The Bankruptcy Court later confirmed a plan that would allow the Billingses to pay off their debt to the Township in full.

The Billingses ultimately filed an adversary Complaint against Portnoff Law Associates ("Portnoff"), the law firm representing the Township, arguing that the repeated motions to continue the sheriff's sale violated the automatic stay provision and were sanctionable under 11 U.S.C. § 362(k)(1).[2] They also sought to certify a class action under Federal Rule of Bankruptcy Procedure 7023 to enjoin Portnoff from filing similar motions in other Chapter 13 proceedings.

Portnoff filed a motion to dismiss. It asserted that the continuance motions it filed were consistent with this Court's decision in *Taylor v. Slick*, 178 F.3d 698 (3d Cir. 1999). The Bankruptcy Court granted the motion to dismiss without granting the Billingses leave to amend. *Billings v. Portnoff Law Associates, Ltd. (In re Billings)*, 544 B.R. 529 (Bankr. E.D. Pa. 2016). The Billingses then filed a Notice of Appeal to the United States

---

[2] Section 362(k)(1) provides in relevant part that "an individual injured by any willful violation of a stay … shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

District Court for the Eastern District of Pennsylvania. It affirmed the Bankruptcy Court's decision. *Billings v. Portnoff Law Associates, Ltd.*, 16-cv-778, 2016 WL 3344382 (E.D. Pa. June 10, 2016). This timely appeal followed.

## II.    Discussion[3]

The Billingses argue that the Bankruptcy Court and the District Court improperly extended our decision in *Taylor* to postponements of a foreclosure sale that require a creditor to seek a court order. But those Courts properly applied the precedent.

The filing of certain bankruptcy petitions operates as an automatic stay on "the commencement or continuation … of a judicial, administrative, or other action or proceeding against the debtor[.]" 11 U.S.C. § 362(a)(1). In *Taylor,* we held that "[t]he continuation of a sheriff's sale, following the filing of a bankruptcy petition," did not constitute a "continuation" of foreclosure proceedings and therefore did not "violate[] the automatic stay provisions of 11 U.S.C. § 362(a)[.]" 178 F.3d at 700. While that case involved an oral announcement of postponement, its reasoning is fully applicable to any request for a "continuance of a sheriff's sale in accordance with state law procedure[.]" *Id.* at 701. The touchstone of our analysis in *Taylor* was that the automatic stay provisions are intended "*to maintain the status quo* between the debtor and [his]

---

3 The District Court had jurisdiction to review final orders from the Bankruptcy Court under 18 U.S.C. § 158(a). We have jurisdiction pursuant to 28 U.S.C. § 158(d)(1) and 28 U.S.C. § 1291. "Because the District Court sat as an appellate court, reviewing an order of the Bankruptcy Court, our review of the District Court's determinations is plenary." *SEC v. Bocchino (In re Bocchino)*, 794 F.3d 376, 379 (3d Cir. 2015) (citations omitted). We likewise review *de novo* the Bankruptcy Court's decision to dismiss the Billingses' claims for failure to state a claim upon which relief may be granted. *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010).

4

creditors" in order to allow "the parties and the Court an opportunity to appropriately resolve competing economic interests in an orderly and effective way." *Id.* at 702 (emphasis and alteration in original) (citation omitted). And since a continuation "connotes the postponement of a proceeding," it "effectuates the purpose of § 362(a)(1) by preserving the status quo until the bankruptcy process is completed or until the creditor obtains relief from the automatic stay." *Id.; see also Angulo v. Emigrant Mortgage Co. and Retained Realty, Inc. (In re Angulo)*, Adv. No. 9-398, 2010 WL 1727999, at *5 (Bankr. E.D. Pa. Apr. 26, 2010) (finding that judicial postponement of a sale was proper under *Taylor*).

The Billingses argue that allowing a creditor to file repeated motions for a continuance will be unduly harmful to the debtor. We agree with the Bankruptcy Court, though, "that it is hardly self-evident … that multiple postponements are detrimental to debtors." *Billings*, 544 B.R. at 536 n.8. To the contrary, allowing a creditor to continue to delay the sale without requiring rescheduling and providing additional public notice helps "avoid duplicative foreclosure costs that would eventually be deducted from the proceeds of the sale (to the disadvantage of the debtor)." *Taylor*, 178 F.3d at 702. If judicial continuances were unavailable, then creditors, and ultimately the debtor, would incur the cost of rescheduling the sale and providing notice. *See Billings*, 544 B.R. at 536 n.8 (noting that the cost a "creditor must pay to schedule a sheriff's sale [in Philadelphia County] is at least $2,000"). Accordingly, allowing a judicial motion for a continuance is fully compatible with the underlying aim of the automatic stay provision.

The Billingses also argue that the Township's continuance motions are distinguishable from the continuance motion in *Taylor* because the Township in this case incurred attorneys' fees that it would pass along to the Billingses as part of the tax lien. The Billingses claim that, by incurring fees, the Township impermissibly altered the status quo. That argument loses for two reasons.

First, the Billingses failed to plead that they either have been or will be required to pay for additional legal fees as a result of the continuance motions[4] While they point generally to attorneys' fees and court costs that they have been required to pay to the Township under the payment schedule established in the Chapter 13 proceeding, they do not even allege that those costs were related to Portnoff's work on the continuance motions, let alone provide a breakdown showing what portion of the costs were related to the continuance motions. They likewise fail to "identif[y] the precise source of authority (court rule or statute) for the additional legal fees they expect to incur as a result of the multiple continuance motions[.]" *Billings*, 544 B.R. at 535 n.7. Accordingly, any costs are purely speculative at this point.[5] The Billingses also argue that "they should be

---

[4] Instead of alleging that they will be required to pay the Township's attorneys' fees, the Billingses merely cite to an opinion from the Bankruptcy Court which held that *Taylor* is inapplicable in a "case where the Plaintiffs and Plaintiff class are subject to additional legal fees in connection with the motions herein complained of." (App. at 34) (citing *In re Townsville*, 268 B.R. 95 (Bankr. E.D. Pa. 2001)). But even if that were a correct statement of the law, the Billingses' failure to allege that they would actually be required to pay such fees is fatal to their argument.

[5] Before the Bankruptcy Court and District Court, the Billingses apparently argued that the costs that they themselves were required to incur to review the Township's motions improperly altered the status quo. To the extent their Complaint can be read as making such an allegation, it is nonetheless unsupported by anything else in the

allowed to take discovery … to show that the 'status quo' under *Taylor* was affected by the repeated motions and the attendant attorneys['] fees from such motions." (Opening Br. at 11.) But the Billingses' Complaint is insufficient to survive a motion to dismiss and does not justify forcing Portnoff to incur the costs of discovery. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are inadequate to survive a motion to dismiss).

Second, even if we were to assume that the Billingses would be required to pay for the costs that the Township incurred in seeking a continuance, there would be no cause for concern. As we concluded in *Taylor*, actions taken to preserve the state of affairs that existed before a bankruptcy petition was filed are not prohibited by the Bankruptcy Code. 178 F.3d at 701-02. Preserving the status quo is not always a cost-free proposition,[6] and generally applicable fee-shifting provisions may ultimately require a debtor to pay some or all of those costs. Requiring a debtor to pay the incidental price of maintaining the

---

Complaint. It is difficult to grasp why a debtor would incur much in the way of attorneys' fees in order to fight against a pro forma postponement motion that ultimately benefits the debtor. In any event, as will be discussed further, any fees incurred would not be incompatible with the automatic stay.

[6] As the Bankruptcy Court noted, even seeking an oral postponement like the one in *Taylor* likely imposes some costs. *Billings v. Portnoff Law Associates, Ltd. (In re Billings)*, 544 B.R. 529, 536 (Bankr. E.D. Pa. 2016), *aff'd* 2016 WL 3344382 (E.D. Pa. June 10, 2016) ("The potential for a creditor to incur legal expenses (potentially chargeable to the debtor) exists any time the creditor follows the state court rules that authorize the postponement of a sheriff's sale, regardless whether the procedure involves an oral announcement or the filing of a written motion."). So it is impossible to read *Taylor* as prohibiting all legal action that incurs cost.

status quo does not upset the status quo but helps to preserve it.[7]  Therefore the Township's continuance motions were proper and the Billingses have no cause for complaint.  Because we conclude that the Billingses' claims were meritless as a matter of law, there is also no basis for class standing.  *McNair v. Synapse Grp.*, 672 F.3d 213, 223 (3d Cir. 2012) (noting that the named plaintiffs' failure to state a claim defeats standing).

## III.    CONCLUSION

For the foregoing reasons, we will affirm.

---

[7] There is no evidence in this case that the Township abused the legal process by making frivolous requests in order to incur excessive legal fees.  To the contrary, filing an unopposed motion for a continuance is relatively unobtrusive and necessary to maintain the status quo.  Allowing such motions to be filed will not "open up Pandora's Box[.]"  (Opening Br. at 2.)  We leave for another day the question of whether the filing of frivolous or unduly-costly motions would violate the automatic stay provision.